(74 App. Div. 145.)

### MACK v. STANLEY et al.

(Supreme Court, Appellate Division, First Department. July 8, 1902.)

1. RECEIVERS—POWER TO APPOINT—ACTION FOR DECEIT.

　　Under Code Civ. Proc. § 713, providing that the court may appoint a receiver before final judgment on the application of a party who establishes an apparent right to or interest in property which is the subject of the action, the court has no authority to appoint a receiver in an action to recover damages for fraud of defendants in inducing plaintiff to place money in their hands as margins to be used in the purchase of stock, and representing that they had made such purchase, when in fact they had not done so.

Appeal from special term, New York county.

Action by August F. Mack against Robert H. Stanley and another. From an order appointing a receiver, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Everett Masten, for appellant Stanley.
Edwin L. Kalish, for respondent.

PATTERSON, J. This order should be reversed. Authority to appoint a receiver is conferred by section 713 of the Code of Civil Procedure, which, among other things, provides that the court may appoint a receiver before final judgment on the application of a party who establishes an apparent right to or interest in property when it is in the possession of an adverse party, and there is danger that it may be removed beyond the jurisdiction of the court, or lost, materially injured, or destroyed. This is a case in which the authority must be derived from the statute, and not from the general power of the court to appoint a receiver, for the facts, as they appear, would not authorize the exercise of the jurisdiction irrespective of the Code provision. That provision relates to the right of a party who establishes an apparent right to or interest in property which is the subject of the action. In this case no property is the subject of the action. The action is brought to recover damages for fraud, deceit, and misrepresentation on the part of the defendants as stockbrokers, by which they induced the plaintiff to place moneys and a bond in their hands as margins to be used in transactions in the purchase and sale of stock. The gravamen of the action is fraud and deceit. There is no claim made for any specific property. The action does not involve property as such, but is founded altogether in tort. The plaintiff's action proceeds upon the theory that there is no property to which he is entitled; that the

defendants pretended only to buy shares for him; that they never did so; and that the fraud and deceit consisted in the false representation that stocks had been purchased, when in fact none had been.  Under the allegations of this complaint the plaintiff could not recover the possession of stocks.  The ground upon which a receiver was applied for is that the defendants have stated that they actually bought the shares for the plaintiff, had them in their possession, and threatened to sell them unless the plaintiff complied with certain demands.  That state of facts does not enlarge in any way the scope of the plaintiff's action.  No relief can be afforded in this action respecting the stock.  It stands, and must stand, simply as an action for damages.

The order appointing a receiver must, therefore, be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.