Central Union Trust Company of New York, as Trustee under Mortgage of Willat Studios & Laboratories, Inc., Dated October 1, 1921, Respondent, *v.* Northern Insurance Company of New York and Another, Defendants, Impleaded with Willat Film Corporation, Appellant.

First Department, July 6, 1926.

Receivers — action by trustee of corporate mortgage to recover insurance money from corporation on theory of money had and received — no allegation of fraud or that money constituted trust fund, and no demand for equitable relief — receiver will not be appointed on affidavits alleging that fund is trust fund — pleadings determine whether receiver can be appointed — Civil Practice Act, § 974, does not authorize appointment in this action.

In an action by a trustee of a corporate mortgage to recover insurance moneys paid by an insurance company to the corporation, which action is based upon the theory of money had and received, and in which there is no allegation of fraud or that the money constitutes a trust fund, and no demand is made for a receiver or other equitable relief, the plaintiff is not entitled to the appointment of a receiver of the fund, notwithstanding the affidavits on the application for the appointment state that the insurance moneys received by the corporation constitute a trust fund, for the pleadings in an action alone determine whether or not a receiver can in any event be appointed in that action.

Section 974 of the Civil Practice Act does not authorize the appointment of a receiver in an action brought solely for the purpose of recovering a money judgment.

Appeal by the defendant, Willat Film Corporation, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 17th day of May, 1926, granting plaintiff's motion for the appointment of a receiver *pendente lite.*

*Henry L. Sherman* of counsel [*Ira J. Schuster* with him on the brief; *L. & A. U. Zinke,* attorneys], for the appellant.

*Orville C. Sanborn* of counsel [*Donald C. Muhleman* with him on the brief; *Larkin, Rathbone & Perry,* attorneys], for the respondent.

FINCH, J.   Plaintiff brings suit in an action at law to recover $16,250 for money had and received, and alleges as follows in its complaint:

All the parties to the action are domestic corporations. On or about October 1, 1921, the defendant Willat Studios & Laboratories, Inc. (hereinafter called the Laboratories Company), duly executed a first mortgage for $100,000 to the plaintiff upon certain real property, under which bonds were issued and sold to *bona fide* holders for value.   The Laboratories Company covenanted in said mortgage as follows: " The Willat Company shall from time to time cause the property subject to this indenture to be insured and kept insured in good and solvent companies against loss or damage by fire, to the extent that such property is usually insured, such insurance to be taken in the name of the Willat Company, the proceeds thereof, when received by the Willat Company, to be placed in a separate fund and to be applied by the Willat Company solely to the rebuilding, re-placement, or repair of the property damaged or destroyed whenever necessary in the judgment of the Willat Company to the operation of the mortgaged property, or when not so necessary, in the judgment of the Willat Company, then to other extensions, betterments and renewals of the property of the Willat Company; provided, however, that the Willat Company may adopt such other plan or method of protection against loss by fire, whether by the establishment of an insurance fund or otherwise, as may be approved by its Board of Directors.   In case of the happening of any event of default as hereinafter defined, and the commencement by the Trustee of any action or proceeding based thereon, the Willat Company will forthwith pay to the Trustee on written demand the amount at that time in any such fund, which shall be held and disposed of by the Trustee as a part of the trust estate and upon and for the purposes and trusts herein provided and the Willat Company will, upon like demand, transfer to the Trustee any insurance policy or policies, upon the property hereby conveyed."

The complaint further alleges that the Laboratories Company and defendant Willat Film Corporation (hereinafter called the Film Corporation) duly procured insurance from the defendant insurance company in the amount of $25,000; a fire subsequently occurred in the premises; that the plaintiff gave due notice to the

Laboratories Company and the Film Corporation and to the defendant insurance company and to other insurance companies, which had written policies of insurance upon said premises, of the claim of the plaintiff that the insurance moneys resulting from the adjustment of said fire loss should be paid to the plaintiff as trustee under said mortgage; that on April 1, 1925, one-half year's interest fell due on the bonds secured by the mortgage and remained unpaid for more than thirty days, and plaintiff thereupon declared the whole principal sum forthwith due and payable and instituted on June 20, 1925, a foreclosure suit, to which the plaintiff subsequently joined all the insurance companies as parties defendant; notwithstanding the notice of the plaintiff, the defendant insurance company on or about May 4, 1925, paid to the Laboratories Company and the Film Corporation the sum of $16,250, the amount of the adjusted loss due under its policy; pursuant to an agreement and understanding between the parties that a suit to determine the rights of the respective parties with respect to said insurance moneys would be instituted in this court, the foreclosure suit in the Chancery Court in New Jersey was dismissed without prejudice on motion of defendant insurance company; the value of the property described in the mortgage to the plaintiff, as trustee, both prior and subsequent to the damage of said property by fire, was and is inadequate and insufficient as security for the payment of the principal and interest of the bonds secured by said mortgage, and the insurance was taken out by the Laboratories Company for the benefit of the plaintiff by way of additional security for the payment of the bonds, and the said insurance moneys by reason of the matters aforesaid are payable to the plaintiff as additional security for the uses and purposes of said mortgage and for the benefit of the holders of said bonds issued thereunder. Wherefore, the plaintiff demands judgment in the sum of $16,250 against the defendants.

It is to be noted that in the above complaint there is no allegation of fraud and no allegation that the sum of $16,250 constituted a trust fund, and no demand for a receiver or other equitable relief. The plaintiff sues at law to recover $16,250 on the theory of money had and received, claiming that money paid to the Film Corporation belongs to the plaintiff.

The plaintiff then moved upon the complaint and affidavits for a receiver of the said sum of $16,250. This motion was granted and the Laboratories Company and the Film Corporation were directed forthwith to deliver said moneys to said receiver. The defendant Film Corporation appeals. The affidavits accompanying the complaint proceed upon the theory of a diverted trust fund.

The affidavit in opposition alleges that the mortgage, as originally issued by the Laboratories Company to the plaintiff for $100,000, expressly excluded " any and all personal property of any sort or description belonging to the Willat Studios & Laboratories, Inc., on the date of this indenture; " that subsequently the Laboratories Company conveyed to the Film Corporation the mortgaged tract, but that there was no assumption of the mortgage by the Film Corporation.   At the time of this conveyance there was no insurance in effect on said property, as required by the deed of trust· of October 1, 1921.   On December 1, 1923, the Film Corporation executed another deed of trust to the plaintiff, whereby the aforesaid tract of land and two other adjacent tracts were mortgaged to the plaintiff to secure another bond issue in the sum of $300,000.   The lien of this mortgage covered not only the laboratory building, but its contents of machinery and equipment.   On January 27, 1925, one Stern acquired control of the Film Corporation and with it the control of the Laboratories Company.   The latter, after the sale to the Film Corporation, was no longer in business but had not been dissolved.   No insurance covering the laboratory building was outstanding at the time and Stern, on the same day that he bought control of the Film Corporation, ordered $100,000 worth of fire insurance, which was then taken out by a binder in the name of the Laboratories Company, dividing the risk between four companies, of which the defendant insurance company was one.   A fire occurred February 7, 1925, and on February 18, 1925, four insurance policies were issued in the name of the Laboratories Company and/or the Film Corporation as their interests may appear.   The entire loss was adjusted in the sum of $65,000, which adjustment was made on building and machinery and contents. The share of this adjustment payable by the defendant insurance company amounted to $16,250.   The checks were indorsed by the Laboratories Company and deposited in the bank account of the Film Corporation, and the amount by it disbursed for corporate purposes.   Nothing appears in the record in connection with the Film Corporation mortgage of $300,000.   The trust company claims under the laboratories' mortgage of $100,000.   The plaintiff first charged that the Laboratories Company and the Film Corporation were insolvent, but this was subsequently withdrawn, the attorney for the plaintiff stating that he " finds that no direct statement was made by Mr. Stern of the insolvency of either of said companies," and " if it is contended on behalf of either of said Willat Companies that they are financially responsible, deponent requests that information with respect to their existing financial status be furnished to the court."

Deponent further alleges: " The fact remains, however, that each of said Companies has defaulted in payment of the interest upon its mortgage, and Mr. Stern did state in his testimony that he personally paid the premiums upon the insurance policies taken out in the names of said Willat Companies." It is further alleged in the affidavit that " the payment of $16,250 made by the Northern Insurance Company of New York, constitutes a trust fund to which the plaintiff is entitled. The claim is not merely that the defendants are indebted in said amount to the plaintiff. * * * It is contended by the plaintiff that the taking of said money by the Willat Film Corporation under those circumstances was a wrongful diversion of the trust fund to which the plaintiff was entitled, and it is by reason of said fact that a receiver, *pendente lite*, is now requested to take and hold said moneys, pending the final determination of this suit."

The plaintiff upon its affidavits, therefore, seeks to set up a cause of action different from that alleged in its complaint. As already noted, by its complaint the plaintiff has not sought to enforce any claim which it may have to an equitable lien to the extent of its interest in the insurance money, nor has it prayed that the Film Corporation be directed to account for these specific moneys. Instead it has sued at law for moneys had and received by the Film Corporation to the use of the plaintiff. The prayer is only for a money judgment. Under such circumstances the plaintiff is not entitled to the appointment of a receiver. As was said by Miller, J., in *O'Mahoney* v. *Belmont* (62 N. Y. 133): " The appointment of the receiver in this action, and the subsequent proceedings had in regard to the same, was an invasion of the rights of the parties, calculated to waste and deplete the alleged fund, and not demanded by the nature of the action or the circumstances of the case. The reasons for such a conclusion are entirely apparent. The action was in reality for money had and received by the defendants, and if any liability existed, it arose from the purchase of bills of exchange of the defendants which had been delivered, and it is claimed were lost. It was not a legal claim for any specific property or fund which belonged to the plaintiff, but in reality an ordinary action to recover money. There is no principle which sanctions the appointment of a receiver in such a case, and it is entirely without a precedent to uphold it."

The respondent contends that statutory authority for the appointment of a receiver is to be found in section 974 of the Civil Practice Act, which provides:

" § 974. Receivers, generally. In addition to the cases where the appointment of a receiver is specially provided for by law, a

receiver of property which is the subject of an action in the Supreme Court or a County Court may be appointed by the court, in either of the following cases:

" 1. Before final judgment, on the application of a party who establishes an apparent right to, or interest in, the property, where it is in the possession of an adverse party and there is danger that it will be removed beyond the jurisdiction of the court, or lost, materially injured, or destroyed."

The provision in the statute that it must be made to appear that such property is in danger of being removed from the jurisdiction or lost, materially injured or destroyed, shows clearly that there must be specific property which is the subject of the action in order to obtain the appointment of a receiver. In the case at bar the plaintiff, by its complaint, is seeking no specific property which is the subject of the action. When the plaintiff has thus clearly elected the cause of action upon which it will stand, it cannot obtain relief to which it may be entitled if it instead had alleged an entirely different cause of action and prayed for equitable relief. At the trial the plaintiff would be nonsuited if, without amendment, it sought a recovery wholly different from that which it alleged and prayed for. Incidental relief sought by the plaintiff must be measured in the same way, namely, by the allegations of plaintiff's complaint.

It follows that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, McAVOY and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.