EDWARD ROYCE, Respondent, v. FLORENZ ZIEGFELD and RIO RITA CO., INC., Appellants. (Appeal No. 1.)— Order modified so as to provide that paragraphs 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 18 and 19 of the complaint be stricken out as irrelevant. As so modified the order is affirmed, without costs. Young, Kapper and Carswell, JJ., concur; Lazansky and Hagarty, JJ., dissent and vote to affirm without modification.

EDWARD ROYCE, Respondent, v. FLORENZ ZIEGFELD and RIO RITA CO., INC., Appellants. (Appeal No. 2.)— Order appointing a receiver and enjoining defendants reversed upon the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The action is one at law and the facts do not entitle the plaintiff to a receiver. (O'Mahoney v. Belmont, 62 N. Y. 133, 142; Central Union Trust Co. v. Northern Insurance Co., 217 App. Div. 482, 487; Mack v. Stanley, 74 id. 145; Civ. Prac. Act, § 974.) Young, Kapper and Carswell, JJ., concur; Lazansky, J., concurs in result; Hagarty, J., dissents.

MARY RUCK, as Executrix, etc., of GEORGE RUCK, Deceased, Respondent, v. LINDLEY M. GARRISON, as Receiver, etc., Defendant. THE CONEY ISLAND AND BROOKLYN RAILROAD COMPANY, Appellant.— On reargument, judgment and order affirmed, with costs. No opinion. Lazansky, P. J., Young, Seeger and Carswell, JJ., concur; Kapper, J., dissents.

JULIUS SCHMID, Respondent, v. J. FRANK BERKHEIMER, Appellant.— Order denying defendant's motion to vacate levy reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. The attachment and the levy sought to be made under it were ineffective for the reasons, first, that the note was not within the jurisdiction of this court (Von Hesse v. Mackaye, 55 Hun, 365; affd., 121 N. Y. 694); second, because the sheriff failed to take the note into actual custody, as required by statute (Civ. Prac. Act, § 917, subd. 2; Dos Passos v. Morton, 218 App. Div. 154); and, third, because the record discloses that, prior to the levy, defendant transferred the note to a bona fide holder to whom the makers have made payment. (Anthony v. Wood, 96 N. Y. 180.) Young, Rich, Kapper, Lazansky and Hagarty, JJ., concur.

MILDRED M. SMITH, Respondent, v. WILLIAM E. SMITH, Appellant.— Judgment reversed upon the law and the facts and new trial granted, without costs. Plaintiff's version as to what happened on March 24, 1926, should be elicited in detail, in order that it may be determined whether or not she was abandoned. Defendant should be afforded an opportunity to present his version of the March 24, 1926, incident through witnesses in addition to himself. Young, Lazansky, Hagarty, Seeger and Carswell, JJ., concur.

SAM SOOGOFF, Respondent, v. MAX ROSENKRANZ and "REBECCA" ROSENKRANZ, etc., Appellants.— Order denying motion for new trial upon the ground of newly-discovered evidence reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. The proof submitted upon the motion clearly shows that the witness Rosen committed perjury as to his financial ability, which was a material issue in the case, and a new trial should be had in the interests of justice. Young, Kapper, Lazansky and Hagarty, JJ. concur; Rich, J., dissents and votes to affirm.