FLOYD H. UNDERWOOD, JR., as Committee of the Person and Property of BERTHA E. UNDERWOOD, an Incompetent, et al., Plaintiffs, *v.* MOLLIE KROTMAN et al., Defendants.

Supreme Court, Special Term, Kings County, December 1, 1948.

*J. Preston Mottur* for plaintiffs.

*Rubinton & Coleman* for defendants.

FROESSEL, J. The complaint in this action contains three causes of action. The first two are to recover damages for personal injuries and loss of services alleged to have resulted

from an accident which occurred on the morning of March 26, 1948, when poisonous gases are claimed to have escaped from the furnace and heating system of premises No. 824 Albany Avenue, borough of Brooklyn, City of New York, where the plaintiffs occupied an apartment. At that time, the building was owned by the defendants, Mollie Krotman and Helen Kirschenfeld. According to the third cause of action, said defendants by deed dated April 1, 1948, and recorded the next day, conveyed the said premises to their respective husbands, the defendants Sam Krotman and Sam Kirschenfeld, as tenants in common, and on the same day, the first-mentioned two defendants conveyed to their respective husbands another parcel of real estate which they owned together known as No. 788 Schenectady Avenue, borough of Brooklyn, City of New York. Said conveyances are sought to be set aside, pursuant to article 10 of the Debtor and Creditor Law, upon the ground that they were fraudulent in that they were made without consideration to " cover up and conceal the right, title and interest therein " of the grantors " and with actual intent * * * to hinder, delay and defraud the plaintiffs of their just claims against the said defendants, Mollie Krotman and Helen Kirschenfeld ". The answers admit the conveyances, but deny the remaining material allegations.

By a notice of motion dated November 10, 1948, the plaintiffs moved for an order appointing a receiver *pendente lite* of the properties thus conveyed, pursuant to the provisions of subdivision 1 of section 974 of the Civil Practice Act, on the ground that there is danger that said properties will be materially injured or destroyed before a final judgment can be obtained.

This motion is vigorously opposed by the defendants. The two husbands to whom the properties were conveyed state that upon the advice of their present attorneys, whom they engaged just a few days ago, they retransferred the properties to their wives " so there may be no belief that the transfers were intended to hinder or delay plaintiffs in the collection of their judgment if they obtain one." These deeds are dated November 24, 1948, and were recorded on November 26, 1948 — three days after the original return date of this application — November 23, 1948.

The plaintiffs undoubtedly had the right to assert their third cause of action under the Debtor and Creditor Law notwithstanding that their claim for damages against the grantors was unliquidated and had not matured to judgment (*American Surety Co.* v. *Conner*, 251 N. Y. 1), and in connection with such

cause of action, they were empowered by statute (Debtor and Creditor Law, § 279, subd. b) to seek the appointment of a receiver to take charge of the properties alleged to have been fraudulently conveyed. But these have been reconveyed to the original owners thus subjecting said properties to execution and levy in connection with any money judgment which the plaintiffs may obtain as damages under their first and second causes of action. By reason of such reconveyances, the plaintiffs are in no worse position now than they would have been had not the original owners of the premises, where the accident occurred, made the transfers which are the subject of their third cause of action. Since the only relief which the plaintiffs may now obtain in this action is a money judgment for damages, there is no authority for the appointment of a receiver. (*O'Mahoney* v. *Belmont,* 62 N. Y. 133, 142; *Royce* v. *Ziegfield,* 222 App. Div. 694; *Central Union Trust Co.* v. *Northern Ins. Co.,* 217 App. Div. 482.)

Accordingly, I am constrained to deny the motion. Submit order.