GEORGE BRODY, Respondent, v. SAMUEL MILLS, Defendant, and ARTHUR MILLS, Appellant.— Action by a purchaser of stock for rescission of the contract and return of purchase money, and for money damages sustained as the result of fraud. Appeal from order made December 20, 1950, dismissed. Order made January 10, 1951, granting motion for reargument of motion for appointment of a receiver *pendente lite* and on such reargument adhering to the original determination appointing such a receiver, reversed on the law and the facts, with $10 costs and disbursements, and the motion for the appointment of a receiver denied, with $10 costs. The property of the corporation, of which receivership is sought, is not the subject of this action which, on the contrary, is concerned only with a judgment for money as against individuals. (Civ. Prac. Act, § 974; *O'Mahoney* v. *Belmont*, 62 N. Y. 133, 142; *Central Union Trust Co.* v. *Northern Ins. Co.*, 217 App. Div. 482, 487; *Mack* v. *Stanley*, 74 App. Div. 145.) In addition, there is no showing that the property of the corporation is in the possession of an adverse party, nor that there is danger that it will be removed beyond the jurisdiction of the court, lost, materially injured or destroyed. Nolan, P. J., Carswell, Johnston, Sneed and Wenzel, JJ., concur.

■

MARIE A. CALECA, Appellant, v. SALVATORE J. CALECA, Defendant.— In an undefended action to annul a marriage upon the ground of fraud, interlocutory judgment dismissing the complaint, entered after trial before an Official Referee appointed to hear and determine, reversed on the law and the facts, without costs, and interlocutory judgment of annulment directed to be entered. Plaintiff's proof is not incredible as a matter of law, and the Official Referee believed and credited it. Annulment was refused and the complaint was dismissed upon the stated ground that the proof required by section 1143 of the Civil Practice Act, other than the declaration or confession of the parties, was not adduced. It is our opinion that the proof, constituted satisfactory evidence, other than plaintiff's testimony, that defendant before the marriage made false representations upon which plaintiff relied; that defendant then knew such representations to be false and fraudulently made them to induce plaintiff to marry him; and that plaintiff has not cohabited with defendant with knowledge of the fraud. (*Ferguson* v. *Ferguson*, 271 App. Div. 976; *Ferrillo* v. *Ferrillo*, 272 App. Div. 779; *Fundaro* v. *Fundaro*, 272 App. Div. 825.) New findings of fact will be made. Appellant is directed to submit order. Johnston, Acting P. J., Adel, Sneed, Wenzel and MacCrate, JJ., concur.