■ RUTH C. ROSEN et al., as Executors and Trustees of RALPH CHASHIN, Deceased, Respondents-Appellants, v. A. R. BRAUN et al., Appellants-Respondents, et al., Defendants. HOWARD BLUM et al., Respondents-Appellants, v. AQUILA R. BRAUN, Appellant-Respondent, et al., Defendants. JACOB F. FREIBERGER et al., Respondents-Appellants, v. AQUILA R. BRAUN, Appellant-Respondent, et al., Defendant. HARRY TROUPIANSKY, on Behalf of Himself, the Prosperity Company, Inc., and All of Its Stockholders, Respondent-Appellant, v. AQUILA R. BRAUN, Appellant-Respondent, et al., Defendants.— Order insofar as it granted plaintiffs' motion reversed and motion denied, and otherwise order affirmed, without costs of these appeals to any party, without prejudice to the right of plaintiffs to make a new application upon papers that will clarify these matters. Memorandum: Upon the present record, including the decision of Special Term, and the briefs submitted, we are unable to determine whether this appeal involves a proposed examination of parties or witnesses in the pending consolidated action, or for the purpose of framing an additional cause of action thereto or to frame an additional and new complaint. All concur, Kimball, J., in result only, in the following memorandum: The order was granted to frame a complaint. The notice of motion shows that no such motion was before the court. (Appeal from part of an order of Onondaga Special Term granting a motion by plaintiffs to examine defendants A. R. Braun, John A. Braun and William J. Braun as parties for the purpose of framing a complaint. Cross appeal by plaintiffs from part of same order denying examination of witnesses.) Present — McCurn, P. J., Kimball, Wheeler, Williams and Bastow, JJ. [See *ante,* p. 647.]

■ RUTH C. ROSEN et al., as Executors and Trustees of RALPH CHASHIN, Deceased, Respondents-Appellants, v. A. R. BRAUN et al., Appellants-Respondents, et al., Defendants. HOWARD BLUM et al., Respondents-Appellants, v. AQUILA R. BRAUN Appellant-Respondent, et al., Defendants. JACOB F. FREIBERGER et al., Respondents-Appellants, v. AQUILA R. BRAUN Appellant-Respondent, et al., Defendant. HARRY TROUPIANSKY, on Behalf of Himself, the PROSPERITY COMPANY, INC., and All of its Stockholders, Respondent-Appellant, v. AQUILA R. BRAUN Appellant-Respondent, et al., Defendants.— Order entered April 19, 1956, reversed on the law, without costs of these appeals to any party, and plaintiffs' motion for an injunction *pendente lite* granted upon condition that the plaintiffs file a bond with proper sureties, to be approved by a Justice of the Supreme Court, in the amount of $20,000. Portion of stay granted by order of this court entered May 2, 1956, (see *ante,* p. 647) continued in the exercise of the discretion of this court, for a period of fifteen days from the date of service of a copy of the order entered herein by the attorneys for the defendant A. R. Braun upon the attorney for the plaintiffs. Memorandum: These actions, in the nature of stockholders' and directors'

derivative actions, are merely for moneys claimed to be due the Prosperity Company by virtue of the defendants' alleged mismanagement and fraud with regard to company funds. Neither the Prosperity Company stock owned by the appellant A. R. Braun, the proceeds for the sale thereof for which receivership is sought, nor any other identifiable or specific securities or funds, with one possible distinguishable exception, are the subject of these actions. (Civ. Prac. Act, § 974; *Brody* v. *Mills*, 278 App. Div. 771; *O'Mahoney* v. *Belmont*, 62 N. Y. 133; *Mack* v. *Stanley*, 74 App. Div. 145; *Central Union Trust Co.* v. *Northern Ins. Co.*, 217 App. Div. 482, 487.) Under the pleadings before the court there is no ground for the appointment of a receiver, and the motion therefor should have been denied. We think, however, that the cross appeal of the plaintiffs is not without merit, and that under the facts and circumstances disclosed by this record the injunction *pendente lite* should have been granted. The provisional relief provided for by subdivision 2 of section 878 of the Civil Practice Act, at the discretion of the court should be put in motion where, as here, the facts as well as the history of the litigation point affirmatively, if not conclusively, to the studied efforts of a defendant to ostensibly dispose of assets for the obvious purpose of avoiding the consequences of a possible judgment in an action pending against him. The plaintiff in such an instance must be protected only by a restraining order, upon the posting of a proper bond. Order entered January 26, 1956, insofar as appealed from, modified by permitting appellant A. R. Braun to draw a check on the Irving Trust Company of New York City payable to Hancock, Dorr, Ryan & Shove, Attorneys, in the additional sum of $7,977.83, and as modified affirmed, without costs of this appeal to any party. Memorandum: In the exercise of discretion we conclude that appellant was entitled to be permitted to withdraw this additional sum. Order entered April 12, 1956, affirmed, without costs of this appeal to any party. Memorandum: In view of the vague provisions of the order of October 31, 1955, based upon a stipulation absent from the record and the continuing ambiguities, the order is affirmed. All concur. (Appeals from three orders of Onondaga Special Term on motions involving fund held pending litigation.) Present — McCurn, P. J., Kimball, Wheeler, Williams and Bastow, JJ.