Frederick Backer, J.
Plaintiff moves to appoint a receiver of the chose in action and claim of the defendant arising out of a personal injury action he has instituted and is now pending; and why such receiver should not take possession of any settlement sums to be paid in said litigation to defendant when and as same be paid and apply same to the payment of the amount due plaintiff as alimony herein. On April 22, 1955 she obtained *687 a separation decree against defendant. He is in arrears of the payment of alimony thereunder. Plaintiff seeks relief by way of the instant application.
The motion papers simply request the appointment of a receiver. Since not made specifically for relief by way of sequestration under section 1171 of the Civil Practice Act, the motion can be construed only under section 974 of the Civil Practice Act.- The word ‘ ‘ property ’ ’ as used in this statute contemplates specific property which is the subject of the action (Central Union Trust Co. v. Northern Ins. Co., 217 App. Div. 482). Where the action is at law for damages only (as here for personal injuries) and does not involve a claim for any specific property, the court has no authority to appoint a receiver (O'Mahoney v. Belmont, 62 N. Y. 133; Royce v. Ziegfeld, 222 App. Div. 694; Brody v. Mills, 278 App. Div. 771; Tripp, Guide to Motion Practice [Rev. ed.], p. 352). There is no principle which sanctions the appointment of a receiver in a case such as the defendant has pending for it is not a legal claim for any specific money, property or fund which belonged to him but is an ordinary action to recover money damages in negligence (Central Union Trust Co. v. Northern Ins. Co., 217 App. Div. 482, 486, supra).
The case of Ferguson v. Ferguson (247 App. Div. 24) relied upon by plaintiff is inapplicable here for income of trust funds payable to a husband has been held to be his personal property and may, like other property, be sequestered for the benefit of his wife and is applicable not only to accrued income from a trust but in a proper case an anticipatory order may be entered sequestering future income. In the instant case defendant had no such interest in trust funds or any specific property. However broadly section 1171 of the Civil Practice Act may be interpreted, it is at least limited to property which, beyond any reasonable question belongs to the husband (Rosenberg v. Rosenberg, 259 N. Y. 338, 342).
The motion is, therefore, denied.