Louis L. Fbiedman, J.
In this action by plaintiff Fisher individually and in a representative capacity of the A. M. and H. F. Realty Corp., plaintiff cross-moves for an order directing the defendants to turn over to the plaintiff the corporate books of the corporation or in the alternative for a discovery and inspection pursuant to section 324 of the Civil Practice Act. In addition plaintiff seeks an order for the appointment of a receiver of the property of said corporation. The original motion made by defendant has already been determined and has no bearing upon this present application.
An examination of the papers before the court reveals that plaintiff and the deceased husband of the defendant Meyerowitz were the only stockholders of the realty corporation, each retaining 50% of the stock, and were the sole officers and directors. That from the time of its incorporation to the time of the death of Meyerowitz, he conducted the affairs of the corporation with the consent of the plaintiff from his home, where the books and records of the corporation were stored. Since his death, the books and records have continued to remain in the possession of the defendant widow who apparently has refused to release and turn over the books, etc., to the plaintiff although, as alleged, she has offered the plaintiff the right to inspect and examine the records. It is further stated by the plaintiff that some of the tenants other than the defendant tenants have not paid any rent due to their confusion as to whom to pay such rents.
Seven causes of action are pleaded against the estate of the deceased and other defendants. The first three are by plaintiff in his individual capacity, for money damages resulting from the conversion of partnership funds, mismanagement and fraud perpetrated by the deceased, and the remaining four causes of action are in the nature of a derivative stockholders’ action and *626 allege substantially the same facts as pleaded in the first three causes of action, except that they are on behalf of the realty corporation for the conversion of its funds, fraud and mismanagement of the corporate assets by the deceased stockholder and officer.
Brushing aside the charges and countercharges levied against the parties and their attorneys, the only issues before the court are whether the plaintiff as the sole remaining officer and director of the realty corporation is entitled to the possession of the books and records and whether on the complaint as pleaded a receiver should be appointed.
Under normal circumstances, if the books and records were maintained at the place of business of a functioning and active corporation and a director or officer desired to inspect the books, his application would be in the nature of an article 78 proceeding to compel the corporation through its officers and directors to allow him the inspection as a matter of right (Matter of Lavin v. Lavin Co., 264 App. Div. 205; Matter of Wilkins v. M. Ascher Silk Corp., 207 App. Div. 168, affd. 237 N. Y. 574; Halperin v. Air King Products Co., 59 N. Y. S. 2d 672). Under such circumstances, the director or officer desiring to inspect the books would be absolutely entitled to that relief. So, too, such a proceeding would be proper to obtain an order directing a former director and secretary to deliver to the corporation books retained in his possession (Rogers Engraving Co. v. Greenberg, 97 N. Y. S. 2d 440). However, a proceeding of such nature would serve no useful purpose in the instant case, as the defendant Meyerowitz herein, who is merely a stockholder by inheritance, is not an officer, director or one managing or conducting the corporate affairs. The instant application by motion under the circumstances is proper. As the sole officer and director of the corporation and until a new election is held, plaintiff is obligated and responsible for the management and direction of the affairs and conduct of the corporate business. While it is true that the books and records of a corporation must be kept at its office or place of business (Stock Corporation Law, § 10), where a corporation ceases to maintain an office at the place originally designated for such purpose and uses other premises as its place of business, its books should be kept at the latter premises, even though there has been no legal change of the corporate address (Matter of Jamosa Holding Corp. v. Bleendes, 173 Misc. 492). Here the books and records were kept at the home of the deceased when he was managing the affairs of the corporation. Upon his death, the management naturally devolved upon the plaintiff, the remaining officer and director. *627 In view of the strained relationship between the parties, the plaintiff should not be required to conduct the affairs of the corporation at the home of the deceased.
Accordingly, the defendants are directed to turn over to the plaintiff all the books, records and property relating to the corporation in their possession.
However, a different problem is presented with relation to the appointment of a receiver. Plaintiff predicates and bases the right .to the receivership sought herein solely on the provision of section 974 of the Civil Practice Act which permits the appointment of “ a receiver of property which is the subject of an action ” before final judgment where “ there is danger that it will be removed beyond the jurisdiction of the court, or lost, materially injured, or destroyed.” (Italics supplied.) This principle limits the remedy of a provisional receiver for the most part to actions in equity (Greenberg v. Greenberg, 104 N. Y. S. 2d 726) and cannot be applied in a common-law action for money or one in tort, there being no specific subject matter (Brody v. Mills, 278 App. Div. 771; Rosen v. Braun, 2 A D 2d 654; Eckhaus v. Eckhaus, 15 Misc 2d 686); nor can he be appointed in an action for conversion (Greenberg v. Greenberg, supra).
Before plaintiff may succeed in an application for the appointment of a receiver, he must clearly demonstrate that there is specific property which is the subject of the action. In this connection the pleadings in the action alone determine whether a receiver can be appointed, and the facts therein stated may not be varied by an affidavit (Central Union Trust Co. v. Northern Ins. Co., 217 App. Div. 482).
No matter how liberal an interpretation one may give to the complaint herein, and giving the pleader every fair intendment, it definitely appears that all the causes of action are founded upon claims for damages resulting from conversion, fraud or mismanagement.
Plaintiff’s contention that a receiver is required to collect the rents, remove violations or conduct the management of the realty is of no substance or weight. As the only legal guiding force, officer and director, the onus is upon him to make the necessary demands for the rent and upon failure of the tenants to comply to oust them, and the same right and authority to carry on the functions of the corporation rest with him. It is not necessary that a receiver be appointed since he is the only one who has the right to collect the rents, and if anyone interferes with that right, plaintiff would be entitled to injunctive relief in a proper action brought by him. If the present action *628 included a cause which would justify the appointment of a receiver, plaintiff’s action might be entertained, but in the present state of the pleadings, the application must be denied.
Accordingly the phase of the cross motion for the appointment of a receiver is denied.