█    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN CAPPELLETTI, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered June 2, 1971, convicting him of robbery in the second degree, upon a plea of guilty, and sentencing him to an indeterminate prison term not to exceed five years. Case remitted to the County Court, Nassau County, for a hearing and a determination as to the propriety of defendant's plea of guilty. In the interim the appeal will be held in abeyance. Circumstances surrounding defendant's guilty plea raise the possibility that the plea resulted from implied coercion. The issue can only be resolved after a hearing. Latham, Acting P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.

█    JUDITH RICH, Appellant, v. ROBERT S. RICH, Respondent.— In an uncontested action to annul a marriage upon the ground of fraud, plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered June 1, 1972, which dismissed the complaint after a nonjury inquest. Judgment reversed, on the law and the facts, without costs, and judgment of annulment directed to be entered in favor of plaintiff. In our opinion, plaintiff properly and adequately established that defendant before the marriage falsely represented to her that he intended to have children; that defendant then knew such representations to be false and fraudulent; that plaintiff believed defendant's representations, married him in reliance thereon and would not have married him if she knew he did not intend to have children; and that when defendant's true intentions surfaced, she no longer cohabited with him and thus did not cohabit with full knowledge of the facts constituting the fraud. Under the circumstances, annulment should have been granted (see *Caleca* v. *Caleca,* 278 App. Div. 771; *Berger* v. *Berger,* 73 N. Y. S. 2d 384; *Mirizio* v. *Mirizio,* 242 N. Y. 74). Martuscello, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.