■ ESTELLE KELLY, as Administratrix of the Estate of EDWARD KELLY, Deceased, Appellant, v JOSEPH P. BLITZ, INC., et al., Defendants-Respondents and Third-Party Plaintiff-Respondent. STANDARD STRUCTURAL STEEL, INC., et al., Third-Party Defendants-Appellants.—In an action to recover damages for personal injuries and wrongful death, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered July 24, 1974, after a trial on the issue of liability only, which is in favor of defendants, upon the trial court's (1) dismissal of the complaint as to defendants Concrete Construction Corp. and Standard Structural Steel, Inc., at the close of plaintiff's case and (2) granting of a motion to set aside the jury verdict against defendant Joseph P. Blitz, Inc., and to dismiss the complaint as to said defendant. The third-party defendants appeal from such portions of the said judgment as, according to the judgment, are to be operative "in the event the jury verdict is reinstated by the Appellate Court." Judgment affirmed, without costs. The jury's verdict was properly set aside and the complaint properly dismissed. Consequently, all of the other issues raised on these appeals have been rendered academic. Martuscello, Acting P. J., Latham, Cohalan, Christ and Munder, JJ., concur.

■ ANDREA C. LINK, Appellant, v ROBERT LINK, Respondent.—In an action, *inter alia*, to annul a marriage, plaintiff appeals from a judgment of the Supreme Court, Suffolk County, entered March 10, 1975, which dismissed the complaint after an uncontested nonjury trial. Judgment reversed, on the law and the facts, without costs, and the marriage is annulled; action remanded to Special Term for the entry of an appropriate judgment in accordance herewith. Plaintiff sufficiently established that, before the marriage, defendant falsely represented to her that he intended to have children; that defendant then knew such representations to be false and fraudulent; that plaintiff believed defendant's representations, married him in reliance thereon and would not have married him if she had known that he did not intend to have children; and that when defendant's true intentions surfaced, she no longer cohabited with him, and thus did not cohabit with full knowledge of the facts constituting the fraud. Under these circumstances, an annulment should have been granted *(Rich v Rich,* 40 AD2d 846). Rabin, Acting P. J., Latham, Cohalan, Christ and Brennan, JJ., concur.