■ ROTARY WATCHES (USA), INC., Respondent, v TIMOTHY GREENE et al., Appellants. [699 NYS2d 106] —In an action, *inter alia,* to enjoin the defendants from using documents containing proprietary information allegedly taken from the plaintiff, or from contacting the plaintiff's customers, the defendants appeal from an order of the Supreme Court, Nassau County (Adams, J.), entered November 2, 1998, which *sua sponte* appointed a receiver of the business of the defendant Rotary Watches, LLC.

Ordered that on the Court's own motion, the notice of appeal from the order entered November 2, 1998, is treated as an application for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, with costs, and the appointment of the receiver is vacated.

The plaintiff was formerly the North American distributor of watches for the defendant Rotary Watches Ltd., a London-based corporation. Between July 1997 and July 1998 the defendant Timothy Greene was employed as the plaintiff's Vice President for Sales and Marketing. In the course of a business dispute, the plaintiff decided to fire its sales staff, including Greene, in consequence of which Rotary Watches Ltd. declared the plaintiff to be in breach of a Distribution Agreement dated June 1, 1994. Rotary Watches Ltd. thereafter formed the de-

fendant Rotary Watches, LLC, to be its new North American distributor, and hired Greene to run the operation.

Under the terms of the Distribution Agreement, the plaintiff has commenced a separate arbitration proceeding in London for compensatory damages, alleging breach of contract. In the instant action, in contrast, the plaintiff has sued for an "accounting" and the return of certain documents allegedly purloined by Greene when he was fired, an injunction prohibiting the defendants from using the stolen records in furtherance of their business, and $10 million in punitive damages for Greene's alleged breach of his fiduciary duty. Following a hearing on the plaintiff's motion for a preliminary injunction, the court, *sua sponte*, appointed a receiver to collect the proceeds of the defendants' business, "so at the end of the lawsuit there is money from somebody".

CPLR 6401 (a) provides that "[u]pon motion of a person having an apparent interest in property which is the subject of an action in the supreme * * * court, a temporary receiver of the property may be appointed * * * where there is danger that the property will be removed from the state, or lost, materially injured or destroyed". The extraordinary remedy of the appointment of a receiver was an improvident exercise of discretion in this case, where the complaint did not seek the appointment of a receiver, and no party ever requested such relief (*see, e.g., Matter of Breiterman v Chemical Bank,* 181 AD2d 675; *see also, Fisher v Meyerowitz,* 31 Misc 2d 624).

The plaintiff's remaining contention is without merit. Santucci, J. P., Thompson, Sullivan and Friedmann, JJ., concur.