■ VENA GOSINE et al., Respondents, v MOHAN SAHABIR et al., Appellants. [937 NYS2d 316]—

The Supreme Court improvidently exercised its discretion in, sua sponte, appointing a receiver to operate the business affairs of Sanatan Dharma Maha Sabha of the West Indies, Inc. (hereinafter SDMS), until an upcoming election of the board of trustees, since no party asked for that relief, and there was no evidence that SDMS's assets were susceptible to waste or that such a drastic remedy was warranted (*see Quick v Quick*, 69 AD3d 828 [2010]; *Ugiri Progressive Community, Inc. v Ukwuozo*, 57 AD3d 656 [2008]; *Vardaris Tech, Inc. v Paleros Inc.*, 49 AD3d 631, 632 [2008]; *Natoli v Milazzo*, 35 AD3d 823 [2006]; *Rotary Watches [USA] v Greene*, 266 AD2d 527 [1999]; *Schachner v Sikowitz*, 94 AD2d 709 [1983]).

The Supreme Court erred in granting the plaintiffs' motion, inter alia, to confirm the results of the election purportedly conducted on December 3, 2010. The record establishes that the receiver adjourned the meeting prior to opening the polls. While the minutes of the meeting indicate that the plaintiff Vena Gosine collected ballots after the meeting was adjourned, she was not a presiding officer authorized to "receive the votes, judge the qualifications of the voters, and declare the results of the votes cast" under SDMS's constitution. Accordingly, the plaintiffs' motion, among other things, to confirm the results of the purported election should have been denied.

Since the Supreme Court considered neither the defendants' motion to disqualify the plaintiffs' counsel, nor their cross motion pursuant to 22 NYCRR 130-1.1 to impose sanctions on the plaintiffs and their attorney, on the merits, we must remit the matter to the Supreme Court, Queens County, for determination of the motion and cross motion (*see Hunter Sports Shooting Grounds, Inc. v Foley*, 73 AD3d 702 [2010]). Under the circumstances of this case, we deem it appropriate to remit the matter to the Supreme Court, Queens County, for further proceedings before a different Justice.

The respondents' remaining contentions are without merit. Angiolillo, J.P., Florio, Chambers and Hall, JJ., concur.