Board of Mgrs. of Golfview Condominium I v Island Condo Mgt. Corp. (2020 NY Slip Op 02070)





Board of Mgrs. of Golfview Condominium I v Island Condo Mgt. Corp.


2020 NY Slip Op 02070


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-05160
2017-05163
 (Index No. 151667/16)

[*1]Board of Managers of Golfview Condominium I, et al., appellants, 
v
Island Condo Management Corp., et al., respondents (and a third-party action).


Howard M. File, Esq., P.C., Staten Island, NY, for appellants.
Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP, Farmingdale, NY (Magda DeMoya Coyle of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal, by permission, from (1) an order of the Supreme Court, Richmond County (Kim Dollard, J.), dated May 5, 2017, and (2) an administrative order of reference of the same court (Judith N. McMahon, J.), dated May 10, 2017. The order dated May 5, 2017, sua sponte, appointed a receiver to oversee the management of the plaintiff entities. The administrative order of reference dated May 10, 2017, referred stated issues to a court attorney referee to hear and report.
ORDERED that the order dated May 5, 2017, is reversed, on the facts and in the exercise of discretion; and it is further,
ORDERED that the administrative order of reference dated May 10, 2017, is reversed, on the law, on the facts, and in the exercise of discretion; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
The plaintiff condominium boards and homeowners association (hereinafter HOA) commenced this action against their management company and attorney, inter alia, to recover damages for breach of contract and negligence. The complaint further sought an accounting, attorney's fees, and to direct the defendants to turn over all books and records of the plaintiffs and all monies and accounts being held on behalf of the plaintiffs. The complaint alleged that the defendants failed to recognize the termination of the defendants' services by the newly elected Board of Managers of Golfview Condominium II and the newly elected Board of Directors of the HOA, and failed to account to the plaintiffs, despite the plaintiffs' demand.
In an order dated May 5, 2017, the Supreme Court, sua sponte, appointed a receiver to oversee management of the plaintiff entities. In an administrative order of reference dated May 10, 2017, the court referred the issues of the allocation of attorney's fees and of "which Board of Managers and/or which management company shall be implemented to manage the affairs of" the plaintiffs to a court attorney referee to hear and report. The plaintiffs appeal by permission.
The Supreme Court improvidently exercised its discretion in, sua sponte, appointing a receiver to manage the plaintiff entities, since the complaint did not seek the appointment of a receiver, no "person having an apparent interest" in the plaintiff entities sought such relief, and there is no evidence that such a drastic remedy was warranted (CPLR 6401[a]; see Gosine v Sahabir, 91 AD3d 910, 911; Quick v Quick, 69 AD3d 828, 829; Sycamore Realty Corp. v Matone, 40 AD3d 843, 844; Natoli v Milazzo, 35 AD3d 823, 824; Rotary Watches [USA] v Greene, 266 AD2d 527, 528).
The Supreme Court should not have referred the issue of which Board of Managers and/or which management company shall be implemented to manage the affairs of the plaintiffs to a court attorney referee to hear and report, since the defendants lack standing to challenge the alleged violations of the plaintiffs' bylaws in the elections of new board members (see N-PCL 618; Strathmore Ridge Homeowners Assn., Inc. v Mendicino, 63 AD3d 1038, 1039; People v Cypress Hills Cemetery, 23 AD3d 536, 537; Matter of Brodsky v Friedlander, 1 AD3d 1035, 1035; Soho Bazaar v Board of Mgrs. of Soho Intl. Arts Condominium, 266 AD2d 65, 65-66; see generally Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 773-774). Further, the reference of the issue of attorney's fees was premature (see Quik Park W. 57 LLC v Bridgewater Operating Corp., 148 AD3d 444, 446).
Accordingly, we reverse both orders.
RIVERA, J.P., MALTESE, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court