Paukman v Uvaydov (2024 NY Slip Op 51689(U))

[*1]

Paukman v Uvaydov

2024 NY Slip Op 51689(U)

Decided on December 13, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 13, 2024
Supreme Court, Kings County

Lev Paukman, d/b/a MILLENIUM THEATRE and THEATRE MILLENIUM, Plaintiffs,

against
Diana Uvaydov, ARSEN UVAYDOV d/b/a, MANZINI PRODUCTION, RU HOLDING CORP d/b/a RUCONCERTCOM d/b/a RUSSIANY.COM, ARSENAL CONSULTING, INC. and OLEKSANDRA KOVALCHUK, Defendants.

ARSEN UVAYDOV, RUHOLDING CORP d/b/a RUCONCERT and ARSENAL CONSULTING, INC. d/b/a ARSENAL GROUP,Plaintiffs,
against
LEV PAUKMAN and JOSEPH PAUKMAN, Defendants.
Index No. 12578/2014

Joseph Paukman, Brooklyn, movant pro se.
Charles J. Gaynor, New York City (Warren R. Graham of counsel), for Defendants Diana Uvaydov, Arsen Uvaydov, Ruholding Corp d/b/a Ruconcert, and Arsenal Consulting, Inc. d/b/a Arsenal Group.

Aaron D. Maslow, J.

The following papers efiled on NYSCEF were used on this motion:
[*2]Filed by Joseph Paukman, Esq.
NYSCEF Doc No. 55: Proposed order to show cause
NYSCEF Doc No. 56: Affirmation of Joseph Paukman, Esq.
NYSCEF Doc No. 57: Exhibit A — UCC Financing Statement on 6535 Yellowstone Blvd., No.4G, Forest Hills, NY 11375 for benefit of Theater for the New City Foundation Inc.
NYSCEF Doc No. 58: Exhibit B — UCC Financing Statement on 6535 Yellowstone Blvd., #4G, Forest Hills, NY 11375 for benefit of Joseph Paukman
Filed by Defendants Diana Uvaydov, Arsen Uvaydov, Ruholding Corp d/b/a Ruconcert, and Arsenal Consulting, Inc. d/b/a Arsenal Group
NYSCEF Doc No. 59: Affirmation of Charles J. Gaynor, Esq. in opposition
Filed by Joseph Paukman, Esq.
NYSCEF Doc No. 60: Correspondence from Joseph Paukman, Esq.
Filed by Court
NYSCEF Doc No. 71: Signed order to show cause
Filed by Joseph Paukman, Esq.
NYSCEF Doc No. 72: Affirmation of service of Joseph Paukman, Esq.
NYSCEF Doc No. 73: Reply affirmation of Joseph Paukman, Esq.
Upon the foregoing papers, having heard oral argument [FN1]
, and due deliberation having been had, the within motion by Joseph Paukman, Esq., is DENIED.
This Court heard oral argument today on a motion by Joseph Paukman, Esq. ("Attorney Paukman"), brought on by order to show cause. The motion is made by Attorney Paukman on behalf of himself and not on behalf of any party. The motion seeks the following:
A. CPLR § 6401 appoint a receiver to handle all assets from the sale of 6535 Yellowstone Blvd unit 4G Forest Hills NY 11375 until the end of this litigation[.]
B. Preliminary Injunction, Attachment, and Appointment of a Receiver Regarding the Yellowstone Property.
C. and any other relief this Court deems just and proper[,] (NYSCEF Doc No. 71, order to show cause at 1-2.)
In support of his motion, Attorney Paukman submitted affirmations which were chock full of legal discussion concerning temporary restraining orders, attachment, receivers, preliminary injunctions, attorney charging liens, equitable relief, traceability of stolen funds, constructive trusts, and dissipation of assets (see generally NYSCEF Doc Nos. 56, Paukman aff; 73, Paukman reply aff), but short on the facts underpinning his application to the Court. What was discernable from Attorney Paukman's papers was that his assertion that apartment 4G at [*3]6535 Yellowstone Boulevard, Forest Hills, Queens, New York "apartment 4G") was "financed with stolen funds belonging to the plaintiff" and that he held "an attorney's charging lien in this case" (NYSCEF Doc No. 56, Paukman aff at 2). Where apartment 4G fit within the context of the instant action was a mystery to this Court as it read through Attorney Paukman's motion papers in advance of oral argument. As previously written, "In the days preceding a Motion Calendar Day, this Court reviews the memoranda and the papers submitted by the proponents and opponents of the motions. Research as necessary into case law is performed. A lot of time is expended in becoming familiar with the motions in advance." (Matter of Court's Discharge of its Responsibilities Pursuant to 22 NYCRR 100.3 (D) (2), (3), 80 Misc 3d 813, 814 [Sup Ct, Kings County 2023].)
The affirmation of counsel in opposition to the motion asserted in pertinent part:
2. The within litigation is a business dispute with an extensive discovery and motion history largely complicated by occasionally pro se litigant JOSEPH PAUKMAN, the movant.
3. The apartment at issue has nothing to do with this litigation. This matter is scheduled for trial (JCP appearance) for 1-15-25 and the apartment referenced in the rambling submission by Mr. Paukman is not at issue herein and never has been. Whatever Mr. Paukman is talking about with respect to "stolen" funds is part and parcel of Mr. Paukman's occasional off-centered assertions.
4. In any event, I have also spoken to Mr. Hakimi, my client's real estate attorney, and Mr. Hakimi advises that the sale of the apartment/shares is completed.
5. Finally, for a variety of reasons, the filing by Mr. Paukman is procedurally defective and I don't care to educate Mr. Paukman. I will defer to the Court. (NYSCEF Doc No. 59, Gaynor aff ¶¶ 2-5.)
The motion papers not providing sufficient information to the Court about the underlying dispute in the action itself, the Court did entertain oral argument this morning. Attorney Paukman claimed as follows. His father, Lev Paukman, the plaintiff, owned a theatre in Brighton Beach, Brooklyn. It was called Millenium Theatre. Attorney Paukman was his father's attorney, but no longer is. Attorney Paukman possesses a charging lien ($200,000) for services performed in this case. Defendant Arsen Uvaydov stole money (a minimum of $400,000) from Lev Paukman and converted the money into money orders, which were utilized to make payments toward apartment 4G's maintenance fees imposed by the coop corporation owning the building located at 6535 Yellowstone Boulevard, Forest Hills, in Queens; the money orders were utilized also to pay for renovation of the apartment. Arsen Uvaydov owned the shares appurtenant to the apartment and wanted to sell them. Attorney Paukman sought of the Court that it enjoin the sale of the apartment but, if the sale were to take place, it order the proceeds to be held in escrow with a receiver pending the resolution of the instant action. Attorney Paukman related further to the Court that he was accused of contacting people and telling them that Arsen Uvaydov stole money, and now he is being accused of defamation, but the Court is perplexed how this was relevant to his motion.
During oral argument, it was ascertained that the shares of apartment 4G have already been sold to a purchaser.
To the extent that Attorney Paukman's motion seeks an injunction, the Court finds that his order to show cause fails the most basic requirement of motion practice, that it specify "the relief demanded and the grounds therefor" (CPLR 2214 [a]; see id. [f]; cf. Frankel v Stavsky, 40 AD3d 918 [2d Dept 2007]). Attorney Paukman's affirmation in support of his motion did not mention anything about enjoining sale of apartment 4G's shares (see NYSCEF Doc No. 56, Paukman aff).
The Court finds that Attorney Paukman is not entitled to the appointment of a receiver either. Notably, with respect to receivership, the CPLR provides:
Upon motion of a person having an apparent interest in property which is the subject of an action in the supreme or a county court, a temporary receiver of the property may be appointed, before or after service of summons and at any time prior to judgment, or during the pendency of an appeal, where there is danger that the property will be removed from the state, or lost, materially injured or destroyed. A motion made by a person not already a party to the action constitutes an appearance in the action and the person shall be joined as a party. (CPLR 6401 [a].)
The property concerning which a temporary receiver is sought must be the subject of the action (see CPLR 6401 [a]). "CPLR 6401 permits the appointment of a temporary receiver to preserve specific identifiable property that is the subject of the action. Siegel, New York Practice 4th 332. A temporary receiver will not be appointed if the relief being sought is money damages. Brody v. Mills, 278 App.Div. 771 (2nd Dept. 1951); and Mack v. Stanley, 74 App.Div. 145 (1st Dept. 1902)." (At the Airport v Isata, LLC, 18 Misc 3d 1106[A], 2007 NY Slip Op 52440[U], * 5 [Sup Ct, Nassau County 2007].) The shares of apartment 4G are not the subject of this action; the subject is monies allegedly stolen from the Millenium Theatre and Lev Paukman.
A somewhat similar situation was described in Rosen v Braun (2 AD2d 654 [4th Dept 1956]). It was alleged that defendants committed mismanagement and fraud with regard to company funds. However neither the company stock owned by a defendant nor the proceeds from their sale were the subject of the action. The Appellate Division held that while an injunction was appropriate, the motion for the appointment of a receiver should have been denied.
The Commentary to CPLR 6401 suggests that "in the absence of express contrary provision, all motions must be made on notice to all parties not in default" (Vincent C. Alexander, Prac Commentaries, McKinney's Cons Laws of NY, C6401:2). Transaction counsel for Arsen Uvaydov was served, according to an affirmation of Attorney Paukman (see NYSCEF Doc No. 72, aff of service). Defense counsel submitted opposition papers and appeared. While the order to show cause was not drafted with a provision to serve plaintiff Lev Paukman, he should have been apprised as to the pendency of this motion. Nothing in the record confirms this. Lev Paukman should have been afforded an opportunity to comment on Attorney Paukman's efforts to enforce his charging lien because any monies collected by Attorney Paukman would reduce a recovery by Lev Paukman.
The last branch of Attorney Paukman's motion to consider is the application for attachment. The grounds for attachment are as follows:
An order of attachment may be granted in any action, except a matrimonial action, where the plaintiff has demanded and would be entitled, in whole or in part, or in the alternative, to a money judgment against one or more defendants, when:
1. the defendant is a nondomiciliary residing without the state, or is a foreign corporation not qualified to do business in the state; or
2. the defendant resides or is domiciled in the state and cannot be personally served despite diligent efforts to do so; or
3. the defendant, with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts; or
4. the action is brought by the victim or the representative of the victim of a crime, as defined in subdivision six of section six hundred twenty-one of the executive law, against the person or the legal representative or assignee of the person convicted of committing such crime and seeks to recover damages sustained as a result of such crime pursuant to section six hundred thirty-two-a of the executive law; or
5. the cause of action is based on a judgment, decree or order of a court of the United States or of any other court which is entitled to full faith and credit in this state, or on a judgment which qualifies for recognition under the provisions of article 53. (CPLR 6201.)
Attorney Paukman has failed to demonstrate that any of the foregoing prerequisites exist. As noted above, his affidavits contain barebones assertions that failed to provide the Court with a factual underpinning for the within motion. To the extent that he clarified the nature of the within action during oral argument, and one might suspect that defendant Arsen Uvaydov is secreting the proceeds of alleged theft from plaintiff Lev Paukman, the Court notes that said plaintiff is not the one who has moved for an order of attachment. CPLR 6201 [3] refers to "defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor," but Attorney Paukman is not a creditor of any defendant, at least not according to the submitted papers, nor is he a plaintiff.
Whether to grant a motion for an order of attachment rests within the discretion of the court (see Morthenthau v Avion Resources, Ltd., 11 NY3d 383, 387 [2008]; VisionChina Media Inc. v Shareholders Representative Servs., 109 AD3d 49, 59 [1st Dept 2013]). If plaintiff succeeds in this action, Attorney Paukman can satisfy his charging lien from the proceeds recovered by plaintiff.
Accordingly, the within motion of Joseph Paukman is DENIED in its entirety.

Footnotes

Footnote 1:. Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).