■ HERBERT TORRES et al., Appellants, v. COUNTRY WIDE INSURANCE COMPANY, Respondent, and HATTIE LeCONTE et al., Appellants.— Judgment, Supreme Court, New York County, entered July 17, 1973, unanimously reversed, on the law and the facts, and vacated, and declaration made that the disclaimer of defendant Country Wide Insurance Company is invalid. Appellants shall recover of respondent one bill of $60 costs and disbursements of these appeals. The testimony reveals that the efforts made by the defendant insurance company to advise its insured of the pending trial and to bring her and her husband to court were too little and too late. Nor was the court advised of the situation. In fact, trial counsel was not adequately informed to make a proper application. Actually, the insured's husband, who alone had knowledge of the facts, did appear after the case was submitted to the jury. On this record we find that had timely information been given to the insured he would have appeared on time or, if the court had been advised of his imminent appearance, that a short adjournment would have been granted. Concur — Steuer, J. P., Tilzer, Capozzoli and Macken, JJ.

■ FAY SHAPIRO, as Executrix of MILTON I. SHAPIRO, Deceased, Respondent, v. CHARLES OSTROW et al., Individually and Doing Business under the Name of OSTROW, SHAPIRO & Co., Appellants, et al., Defendants.— Order, Supreme Court, New York County, entered on September 9, 1974, appointing a temporary receiver of appellants' property, unanimously reversed, insofar as appealed from, on the law and the facts, without costs and without disbursements, and the application for appointment of a receiver denied. In this action for dissolution of three copartnerships, accounting, a money judgment and related relief, Special Term granted plaintiff's motion for the appointment of a temporary receiver of the property of defendant Ostrow, Shapiro & Co. The action is brought by the widow of a deceased partner as the executrix of his estate. A receiver should be appointed only where it is found that "there is danger that the property will be removed from the state, or lost, materially injured or destroyed" (CPLR 6401, subd. [a]). Defendants are, and have been for many years, certified public accountants practicing their profession in New York City. There is no persuasive reason, contrary to the speculation in plaintiff's moving affidavit, to believe that they will remove the subject property from the State or take action which would jeopardize it and leave plaintiff without a remedy. Furthermore, the nature of an accounting firm is such that a reciever would, by necessity in the lawful discharge of his duties, be forced to interfere with the ability of these accountants to carry on their profession dealing with their clients' most confidential financial and personal matters. Such interference, with its consequent inimical effect on the defendants' business, is not justified by plaintiff's proof. " The appointment of a receiver of a going concern is a drastic remedy, and can properly be invoked only where there is a clear evidentiary showing of the necessity for the conservation of property and the protection of the interests of the litigant ". (*Glassner* v .*Kaufman,* 19 A D 2d 855.) The appointment of the receiver was an improvident exercise of discretion and we reverse and deny the application. Here, the parties' best course is an early trial rather than the appointment of a receiver (*S. Z. B. Corp.* v. *Ruth,* 14 A D 2d 678). Concur — Nunez, J. P., Kupferman, Lupiano and Steuer, JJ.