■ DUANE SALES, INC., Appellant, v PHILIP CARMEL et al., Individually and Doing Business as C. LOUDEN REALTY Co., Respondents.—Appeal from the judgment of the Supreme Court at Special Term, entered January 21, 1976 in Albany County, which dismissed the complaint and the supplemen-

tal summons and complaint. The defendants have successfully contended before Special Term that the plaintiff has failed to secure personal jurisdiction; however, we find no substantial merit to this issue. Upon an affidavit, a summons, and verified complaint, together with documents attached thereto, the plaintiff on August 8, 1975 secured an order to show cause why a preliminary injunction should not be issued. The order provided that it and the afore-mentioned documents were to be served upon any member of the partnership named in the title of the action, C. Louden Realty Co., or if none were available to service in New York State, then upon "Robert Carmel, adult son of defendant partner, Philip Carmel, and president of Carmel Management Corp., or other corporate officer". The order further restrained the partnership "from transferring, selling, assigning, or in any way disposing of the title to 344 Northern Boulevard, Albany, New York" pending a determination of the rights of the parties to the named premises. Further, the order stated that it appeared that a cause of action for specific performance exists and that the partnership was expected to momentarily contract to sell the premises to a third party causing immediate injury to plaintiff. In its decision Special Term has found a failure of the plaintiff to make proper service; however, the record establishes that service was properly made in accordance with the show cause order of August 8, 1975 and that personal jurisdiction was acquired over Philip Carmel. Thereafter, the plaintiff and Special Term became aware that the originally named defendant partnership had in fact sold and conveyed the premises in question to named individuals as the Sky Four Realty Co., at least one of whom clearly had prior knowledge of the restraining order of August 8, 1975. The plaintiff moved by order to show cause dated August 27, 1975 for the appointment of a receiver of the title to the premises and the rents and profits thereof. While in its decision herein Special Term has found that there was no personal jurisdiction of the additional defendants, the record establishes that personal jurisdiction over them has been obtained pursuant to the due service of the August 27, 1975 show cause order and the document entitled "supplemental summons". Upon the merits, Special Term has found that the complaint does not state a cause of action. As found by the Supreme Court Justice who issued the original show cause order of August 8, 1975, however, the plaintiff has established a cause of action for specific performance. The plaintiff sought specific performance based upon a written option to purchase which was entered into between itself and Philip C. Carmel on behalf of C. Louden Realty Co. on June 17, 1974 as part of a lease agreement whereby the plaintiff became a tenant in the Louden Shopping Center. The option was filed in the Albany County Clerk's Office on May 30, 1975 and at no time have the defendants in the various motions questioned its validity. The option provides that the plaintiff could purchase the property at a stated sum on or before August 31, 1975, and also a right of first refusal upon "the terms and conditions as offered by any bona fide purchaser" until August 31, 1975. The right of first refusal was "an option to purchase the property at the same terms and conditions as offered by a bona fide purchaser". (See *Quigley v Capolongo,* 53 AD2d 714 [June 3, 1976].) The file contains an undated letter whereby the C. Louden Realty Co. by its attorneys caused the plaintiff to be advised that an offer of $72,000 cash above the existing mortgage and net of any brokerage commission had been received. Attached to the complaint is a letter dated June 10, 1975 from the plaintiff's attorneys to the attorneys representing the C. Louden Realty Co. and advising them that plaintiff was willing to pay the sum of $72,000 above the existing mortgage and requesting a copy of the bona fide offer so as to

exercise its terms and conditions. By a letter dated July 9, 1975 the attorneys for C. Louden Realty Co. forwarded a copy of a contract of sale dated June 23, 1975 signed by the proposed purchasers, named defendants herein, Harry R. Hayes, Norman Brickman and Edward Wasserman. The proposed contract-offer recited that the purchase price was the sum of $72,000 in cash or checks and the purchasers were taking title subject to an outstanding mortgage having a principal unpaid of about $187,396. The agreement provided for the manner in which rents received by the purchasers after the closing and taxes, etc. would be apportioned. Paragraph 13 of the "offer" provided that one Jerome Wander negotiated the proposed sale as set forth in the "offer" and that the purchasers were to pay him the sum of $25,939 for a brokerage commission. The said paragraph 13 went on to say that the purchasers would indemnify the seller and hold the seller harmless from any claims or demands for brokerage commissions on the ground that the claimant (broker) was authorized to act, and expressly provided its provisions would survive the closing. The contract-offer stated that the seller (C. Louden Realty Co.) was to sign the contract "by Carmel Management Corp., Agent". Attached to the complaint is a letter from the plaintiff's attorneys to the attorneys for C. Louden Realty Co., dated July 15, 1975, whereby they forwarded a check as down payment and wherein they noted that paragraph 13 of the "offer" was inapplicable to the option agreement as there were no brokers and that according to the option agreement the deed would be a warranty deed and the "offer" was for a bargain and sale deed without covenants except as required by the "Lien Law". By letter dated July 30, 1975 the attorneys for the C. Louden Realty Co. returned the plaintiff's check and as to the plaintiff's agreement to purchase of July 15, 1975 stated: "Your notice does not accept the terms offered by the bona fide purchaser referred to in my letter of July 9, 1975 and, accordingly, constitutes a refusal thereof." The option agreement between Philip Carmel and C. Louden Realty Co. with the plaintiff required that plaintiff purchase "at the same terms and conditions as offered by any bona fide purchaser". The proposed contract or offer does not in its paragraph 13 recite that the named broker had any interest in the real property transaction except as to the proposed sale therein and there is nothing in the said instrument to indicate that any brokers would have a claim as to a sale pursuant to the plaintiff's pre-existing option agreement. If in fact the broker was intended to receive payment by the proposed purchaser as an additional payment of principal, this proposed contract-offer does not establish such a fact and the plaintiff was not bound by it as forming any part of the purchase price based upon the said contract-offer. Insofar as paragraph 13 of the said contract-offer provides that the purchasers will indemnify and/or defend as to any brokerage claims, that upon its face is limited to the sale as proposed in the "offer" and would have no inferential value as to a seller other than the sale proposed therein. The plaintiff has pleaded a cause of action and by the documentary evidence has established the probability of success. At the present time the defendant, Carmel, has not established or asserted any facts which would be a defense. Accordingly, the Special Term erred in so much of the order as granted a dismissal of the complaint against Philip Carmel and/or C. Louden Realty Co. pursuant to CPLR 3211 (subd [a], par 7). As subsequent record holders of the title of Philip Carmel and/or C. Louden Realty Co., the additional defendants have no basis for contending that the supplemental complaint does not state a cause of action against them and Special Term erred in that respect also. The sale of the property by Philip Carmel rendered the question of a

preliminary injunction as to him and C. Louden Realty Co. academic. Considering the action of the additional named defendants in accepting title from Philip Carmel and C. Louden Realty Co. when at least one of their members as a partner and attorney representing Philip Carmel and C. Louden Realty Co. knew of the prior restraining order and the facts that we are here involved with income producing property, the title to which is subject to a mortgage and where such income necessarily is relevant to the ownership expenses as well as the power to negotiate and control leases, the plaintiff has established circumstances justifying the appointment of a receiver. Unlike the case of *Shapiro v Ostrow* (46 AD2d 859), relied upon by the defendants, the property involved herein is not a going business and the already demonstrated willingness of the defendants to disregard court orders renders support to the plaintiff's contention that its interest might otherwise be seriously and irreparably injured. As a result of the procedural disputes raised by the defendants, this case has apparently already been delayed for about 10 months without issue yet being joined. The appointment of a receiver would most effectively maintain the status quo; however, upon the present record the matter should be considered by Special Term for summary judgment pursuant to CPLR 3211 (subd [c]).. Order dated January 5, 1976, and judgment entered January 21, 1976, reversed, on the law and the facts; plaintiff's motion for appointment of a receiver granted, and defendants' cross motions denied; defendants directed to serve an answer within 10 days from service of a copy of the order to be entered hereon, with notice of entry; and matter remitted to Special Term for further proceedings, with costs and $20 motion costs to plaintiff against respondents. Koreman, P. J., Greenblott, Main, Herlihy and Reynolds, JJ., concur.