■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE WALTON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Booth, J.), rendered August 7, 1980, convicting him of sexual abuse in the first degree and criminal possession of a weapon in the fourth degree, after a nonjury trial, and imposing sentence. Judgment affirmed. By order of this court, dated July 19, 1982 (*People v Walton,* 89 AD2d 611), this matter was remitted to Criminal Term for a hearing on whether a four-page summary of an interview between the complainant and an Assistant District Attorney, which was not turned over to the defense as *Rosario* material (see *People v Rosario,* 9 NY2d 286, cert den 368 US 866), was a duplicative equivalent of the complainant's Grand Jury testimony. Criminal Term, after comparing the two, found that the summary was indeed duplicative of the complainant's testimony before the Grand Jury. After an independent comparison of the two transcriptions of the complainant's statements we have concluded that Criminal Term's finding is correct. Hence, the People's failure to turn over the summary was not error since it was cumulative to the transcript of complainant's Grand Jury testimony (*People v Consolazio,* 40 NY2d 446, cert den 433 US 914). We find no merit to appellant's remaining contention. Titone, J. P., Mangano, Weinstein and Boyers, JJ., concur.

■ CHANA SCHACHNER et al., Respondents, v CAROLE SIKOWITZ et al., Appellants. — In an action, *inter alia,* for specific performance of a contract, defendants appeal as limited by their brief, from stated portions of an order of the Supreme Court, Nassau County (Roncallo, J.), entered February 7, 1983, which, *inter alia,* granted that part of the plaintiffs' motion which was for the appointment of a temporary receiver. Order reversed insofar as appealed from, without costs or disbursements, and motion insofar as it was for the appointment of a temporary receiver denied. The appointment of a temporary receiver is an extreme remedy resulting in the taking and withholding of possession of property from a party without an adjudication on the merits (*Hahn v Garay,* 54 AD2d 629). Therefore, it is to be granted only where the applicant makes "a clear evidentiary showing of the necessity for the conservation of property and the protection of the interests of the litigant" (*Glassner v Kaufman,* 19 AD2d 885; see, also, *Shapiro v Ostrow,* 46 AD2d 859). The general accusations set forth by the plaintiffs have not sufficiently established by clear and convincing evidence the need for such a drastic remedy. Damiani, J. P., Titone, Lazer and Mangano, JJ., concur.