■ MICHAEL CHALOS et al., Respondents, v MICHELE CHALOS, Appellant, et al., Defendant.—In an action, *inter alia,* for partition of real property and reformation of a deed, and to recover damages for breach of a separation agreement, the defendant Michele Chalos appeals from an order of the Supreme Court, Nassau County (Roberto, J.), entered May 28, 1986, which granted the plaintiff's motion to appoint a temporary receiver for the real property in question, and denied the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

While we recognize that the appointment of a temporary receiver is an extreme remedy *(see, Emblem v Juras,* 112 AD2d 134; *Schachner v Sikowitz,* 94 AD2d 709), this remedy was proper in the case at bar. The record indicates that the defendant Michele Chalos sold the subject premises to the defendant Frank S. Baer for significantly less than fair market value. In addition, the defendant Michele Chalos had failed to account for or distribute profits to the plaintiff for a period of three years prior to the commencement of the action. As such, she had failed to fulfill her financial obligations to the plaintiff Michael Chalos pursuant to a separation agreement executed by Michael Chalos and Michele Chalos,

thus clearly establishing that the plaintiff Michael Chalos required protection of his property interests.

Additionally, the court properly denied the defendants' motion for summary judgment as issue had not yet been joined (see, CPLR 3211 [a]). In any event, the record indicates that questions of fact exist concerning whether the parties had agreed to purchase the property as joint owners and why the plaintiff Michael Chalos's name did not appear on the deed. These issues must be determined in an action seeking reformation of the deed (see, Chimart Assocs. v Paul, 66 NY2d 570; Surlak v Surlak, 95 AD2d 371). Thompson, J. P., Niehoff, Weinstein and Eiber, JJ., concur.