■ 64 B Venture, Respondent, v American Realty Co., Respondent, and American Nursing Home et al., Appellants. [599 NYS2d 567] —Order and judgment (one paper), Supreme Court, New York County (Myriam, J. Altman, J.) entered April 13, 1992, which, *inter alia,* appointed Jeffrey Frerichs as receiver of the nursing home operated at 62, 64 and 64-74 Avenue B in Manhattan, set forth conditions of his appointment, and granted him certain powers and authority, unanimously affirmed, with costs.

To the extent respondents' challenge to the receivership is an effort to relitigate their claims for unjust enrichment and unlawful eviction, such arguments are barred by the doctrine of res judicata *(Eidelberg v Zellermayer,* 5 AD2d 658, 663, *affd* 6 NY2d 815). Further, the Supreme Court properly exercised its equitable powers to appoint the receiver to operate the nursing home *(People v Abbott Manor Nursing Home,* 70 AD2d 434, 438, *affd* 52 NY2d 766). Whether to appoint a receiver is a matter confined to the "sound discretion of the court" *(Handman v Madonick,* 235 App Div 47, 49), and the appointment of Jeffrey Frerichs as sole receiver was appropriate in the circumstances herein. Finally, the powers and duties of the receiver appointed pursuant to the court's equity powers are formulated as a matter of judicial discretion (7A Weinstein-Korn-Miller, NY Civ Prac ¶ 6401.16), and the court "is vested with inherent plenary power (NY Const, art VI, § 7) to fashion any remedy necessary for the proper administration of justice" *(People ex rel. Doe v Beaudoin,* 102 AD2d 359, 363). Here, the court properly exercised its discretion in formulat-

ing and addressing the relevant receivership issues in order to protect the interest of the parties and the nursing home residents. Concur—Sullivan, J. P., Carro, Wallach and Nardelli, JJ.