LEAH FRIEDMAN, Respondent, v EARNEST K. RAGIN, Appellant, et al., Defendant. [645 NYS2d 56]

In late 1987, the plaintiff and the appellant formed Ralex Services, Inc. (hereinafter Ralex), for the purposes of purchasing and operating the Glen Island Care Center, a nursing home located in New Rochelle, New York. The plaintiff, who had no experience in the nursing-home business, contributed capital to the venture, and the appellant, an experienced nursing-home administrator, was to manage and operate the property.

In 1994, the plaintiff, concerned that the nursing home was not generating a profit, sought a more active role in the management of the business. The appellant resisted at first, but eventually allowed the plaintiff and an independent auditor to examine Ralex's books. The plaintiff discovered, among other things, that the appellant had been using patients'

private funds to cover the day-to-day costs of the nursing home and that the appellant had been paying himself significant amounts of money out of Ralex's account.

The plaintiff commenced this action in Supreme Court, Westchester County, seeking damages on behalf of herself and Ralex under various theories, including breach of fiduciary duty and fraud. She moved simultaneously for the appointment of a temporary receiver to manage Ralex and for a preliminary injunction enjoining the appellant, *inter alia,* from transferring his interest in Ralex or otherwise changing the status quo. The Supreme Court granted the plaintiff's motion, and we affirm.

The plaintiff made a clear evidentiary showing of the necessity for the conservation of the property at issue and the need to protect her interests (*see, Modern Collection Assocs. v Capital Group,* 140 AD2d 594; *Schachner v Sikowitz,* 94 AD2d 709; *Glassner v Kaufman,* 19 AD2d 885). The plaintiff established, and the appellant did not dispute, the commingling of patients' funds with the nursing home's operating costs. The appellant's affidavits, in which he claimed, on information and belief, that the commingling was justified under the circumstances, were insufficient to rebut the plaintiff's showing. Similarly, the appellant claimed, on information and belief, that the large amounts of money disbursed to him by Ralex constituted the repayment of a loan, but he submitted no evidence as to Ralex's approval or receipt of the alleged loan. Moreover, upon an examination of the record, we are satisfied that the grant of a preliminary injunction was amply supported by the undisputed facts (*see, County of Orange v Lockey,* 111 AD2d 896, 897).

The appellant's contention that the court should have held an evidentiary hearing was not raised before the Supreme Court and, therefore, will not be considered on appeal (*see, Lavine v Lavine,* 127 AD2d 566, 567).

We have examined the appellant's remaining contentions and find them to be without merit. Miller, J. P., Pizzuto, Santucci and Hart, JJ., concur.