■ MARTIN DOMANSKY, Respondent, v ALEXANDER BERKOVITCH, Appellant. [687 NYS2d 21] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered April 10, 1997, which, *inter alia*, granted plaintiff's motion for summary judgment in lieu of complaint, and order, same court and Justice, entered November 18, 1997, which denied defendant's cross motion to vacate the judgment entered in plaintiff's favor, unanimously affirmed, without costs.

dents, et al., Defendants. [687 NYS2d 41] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered April 1, 1997, in favor of the temporary receiver and against defendants-appellants in the amounts of $354,687.32 and $260,579.88, and order, same court and Justice, entered July 20, 1998, which denied defendants-appellants' motion to vacate such judgment, unanimously affirmed, without costs.

Defendants did not appeal from the November 26, 1996 order directing them to pay the above amounts to the court-appointed receiver, and, since the judgment from which they appeal is nonfinal, such order is not brought up for review by the appeal from such judgment (CPLR 5501 [a] [1]). Thus, we limit review to the judgment and the order denying defendants' motion to vacate the judgment, from which defendants have appealed.

The court properly granted the receiver's motion to convert the November 26, 1996 order into a money judgment against defendants, such remedy being necessary to the accomplishment of the directives set forth in the order of appointment, and also serving to protect and preserve the subject construction projects during the pendency of the action. "[T]he powers and duties of the receiver appointed pursuant to the court's equity powers are formulated as a matter of judicial discretion * * * and the court 'is vested with inherent plenary power * * * to fashion any remedy necessary for the proper administration of justice.'" (*64 B Venture v American Realty Co.*, 194 AD2d 504 [citations omitted]). Defendants' motion to vacate the judgment was properly denied upon findings that although the buildings were operating, they had outstanding liabilities that the receiver could satisfy only by resort to the rent money, and that the individual defendant had overpaid his construction company, the corporate defendant, despite the existence of such liabilities. We have considered defendants' other claims and find them to be unpersuasive. Concur—Ellerin, P. J., Tom, Mazzarelli and Andrias, JJ.