■ In the Matter of Arvid Kristensen et al., Respondents, v Charleston Square, Inc., et al., Appellants. (Proceeding No. 1.) In the Matter of Arvid Kristensen et al., Respondents, v Casa Mason Corp. et al., Appellants. (Proceeding No. 2.) [709 NYS2d 853] —In related proceedings to dissolve two corporations, the appeal is from an order of the Supreme Court, Richmond County (Lebowitz, J.), entered July 28, 1999, which granted the petitioners' motion pursuant to CPLR 6401 to appoint a receiver to operate the corporations during the pendency of the proceedings.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The provisional remedy of receivership may be invoked only in cases where the moving party has made a clear evidentiary showing of the necessity of conserving the property and protecting that party's interests (*see, Secured Capital Corp. v Dansker,* 263 AD2d 503; *Ronan v Valley Stream Realty Co.,* 249 AD2d 288; *Modern Collection Assocs. v Capital Group,* 140 AD2d 594). Here, the value of the real estate owned by the corporations provided sufficient security to the petitioners to enable them to protect their interests (*see, B.D. & F. Realty Corp. v Lerner,* 232 AD2d 346; *Matter of Trepper v Goldbetter,* 205 AD2d 363). If a future accounting reveals that the majority shareholders have improperly taken fees and interest for loans made by them to the corporations or have filed fraudulent tax records on behalf of the corporations, a setoff could be made against their remaining interest in the corporate assets. O'Brien, J. P., Santucci, Thompson and Feuerstein, JJ., concur.