■ Sonia Lee, Respondent, v 183 Port Richmond Ave. Realty, Inc., et al., Appellants. [755 NYS2d 664] —In a shareholder's derivative action, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated July 16, 2002, as granted the plaintiff's motion for the appointment of a temporary receiver of the defendant 183 Port Richmond Ave. Realty, Inc.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, the motion is denied, and the appointment of a temporary receiver is vacated.

The Supreme Court improvidently exercised its discretion when it appointed a temporary receiver of the property of the defendant corporation. The appointment of a temporary receiver is an extreme remedy that should be granted only where the moving party has made a clear evidentiary showing of the necessity for the conservation of the property at issue and the need to protect the moving party's interests (*see Secured Capital Corp. of N.Y. v Dansker*, 263 AD2d 503, 504 [1999]; *DaSilva v DaSilva*, 225 AD2d 513 [1996]; *Modern Collection Assoc. v Capital Group*, 140 AD2d 594 [1988]). Here, the plaintiff failed to make a clear evidentiary showing that property of the corporation was in danger of being "removed from the state, or lost, materially injured or destroyed" (CPLR 6401 [a]). Accordingly, the plaintiff's motion for the appointment of a temporary receiver should have been denied. Florio, J.P., Crane, Cozier and Rivera, JJ., concur.