■ JONATHAN HOFFMAN, Respondent, v EAGLE BOX COMPANY, INC., et al., Appellants. [759 NYS2d 387] —In an action, inter alia, to recover damages for breach of a shareholders' agreement, the defendants appeal from an order of the Supreme Court, Queens County (Golar, J.), entered June 11, 2002, which granted the plaintiff's oral application to appoint a temporary receiver for the defendant Eagle Box Company, Inc.

Ordered that on the Court's own motion, the notice of appeal from the order is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, with costs, and the application to appoint a temporary receiver is denied.

The defendants previously commenced a proceeding in the Supreme Court, Nassau County, pursuant to Business Corporation Law § 706 (d) and § 716 (c), seeking, among other relief, the plaintiff's removal as an officer and director of the defendant Eagle Box Company, Inc. (hereinafter Eagle). Thereafter, the plaintiff commenced this action in the Supreme Court, Queens County, alleging breaches of contract and fiduciary duty, and to enforce the parties' shareholders' agreement with respect to Eagle.

The parties then engaged in settlement negotiations and entered into a stipulation which set forth the parameters of Eagle's continued operation during the pendency of the litigation. The plaintiff claimed that the defendants failed to abide by the stipulation, and moved, among other things, to enforce it.

During oral argument of the motion to enforce the stipulation, the plaintiff requested that the Supreme Court appoint a temporary receiver to oversee the business of Eagle during the pendency of the litigation. Upon request of the parties, the Supreme Court deferred its decision pending further negotiations. After several months, the parties failed to reach a settlement and the Supreme Court issued an order granting the plaintiff's oral application to appoint a temporary receiver for Eagle.

Business Corporation Law § 1202 (a) sets forth the limited circumstances in which a court is authorized to appoint a temporary receiver, which include judicial or nonjudicial dissolution, or an action to preserve the assets of a foreign corporation in this state which has, inter alia, been dissolved. None of the circumstances set forth in Business Corporation Law § 1202 (a) are present in this case. Further, the record is devoid of any evidence that the appointment of a temporary receiver was necessary to preserve corporate assets or to protect the interests of the parties (*see* CPLR 6401 [a]; *Matter of Kristensen v Charleston Sq.*, 273 AD2d 312 [2000]). Accordingly, the Supreme Court erred in appointing a temporary receiver in this case.

The parties' remaining contentions are without merit. Florio, J.P., Friedmann, Cozier and Mastro, JJ., concur.