■ Amar J. Singh et al., Respondents, v Brunswick Hospital Center, Inc., et al., Defendants, and MD Stat, LLC, et al., appellants. [767 NYS2d 839]—

In an action, inter alia, for specific performance and to recover damages for breach of contract, the defendants MD Stat, LLC, and Ted Doukas appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated August 21, 2002, as granted the plaintiffs' separate motions to stay a certain summary proceeding and consolidate it with this action to the extent of placing certain real property with a receiver, and denied their cross motion, inter alia, to vacate a restraining order.

Ordered the order is affirmed insofar as appealed from, with costs.

The instant case involves a dispute over the rightful ownership of Brunswick Hospital Center, Inc. (hereinafter the hospital), located in Amityville. The plaintiffs had entered into a series of agreements with the owners, the defendants Benjamin, Claire, and Douglas Stein, and Amityville Physicians Realty, whereby those defendants agreed to convey their 100% ownership of the hospital and the land on which it is situated to the plaintiffs. However, those defendants apparently conveyed the real property to the defendant MD Stat, LLC, controlled by the defendant Ted Doukas, and shortly thereafter rescinded the agreements with the plaintiffs, allegedly for just cause. After the plaintiffs commenced the instant action, inter alia, for specific performance, the Supreme Court appointed a receiver to oversee the hospital. Subsequently, the Supreme Court granted the plaintiffs' separate motions to stay a certain summary proceeding and consolidate it with this action to the extent of placing the real property with the receiver, and denied the appellants' cross motion, inter alia, to vacate a restraining order barring them from commencing eviction proceedings against the hospital or its tenants. We affirm.

Pursuant to CPLR 6401 (a), the Supreme Court has the discretion, upon a motion by a party with an "apparent interest" in the "property which is the subject of an action," to appoint a temporary receiver of the property "where there is danger that the property will be . . . lost, materially injured or destroyed" (see *Domansky v Berkovitch,* 259 AD2d 331 [1999]). In this case, the documentary evidence sufficiently established that the plaintiffs have an "apparent interest" in the subject property. In addition, the unilateral actions and conduct of the

various defendants in apparent willful disregard of the agreements and prior orders of the Supreme Court indicate a danger of material injury to the property unless a receiver was appointed (*see Chaline Estates v Furcraft Assoc.,* 278 AD2d 141 [2000]; *Beatty v Williams,* 227 AD2d 912 [1996]; *64 B Venture v American Realty Co.,* 194 AD2d 504 [1993]; *Gimbel v Reibman,* 78 AD2d 897 [1980]).

The appellants' remaining contentions are without merit. Santucci, J.P., Luciano, Schmidt and Adams, JJ., concur.