■ MARIE CAROLE ST. JULIEN, Respondent, v JACQUES V. LAGUERRE et al., Appellants, et al., Defendant. [831 NYS2d 729]— In an action, inter alia, for an accounting of the income, expenses, and distributions of CLS Holdings, Inc., Micayo Corporation, and Mirelle's Restaurant, and the for appointment of a receiver of those corporations, the defendants Jacques V. LaGuerre, CLS Holdings, Inc., and Micayo Corporation appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Suffolk County (Oliver, J.), dated December 16, 2005, which, inter alia, granted those branches of the plaintiff's motion which were for the appointment of a temporary receiver over CLS Holdings, Inc., and Micayo Corporation.

Ordered that the order is affirmed insofar as appealed from, with costs.

The appellants' contention that the plaintiff lacked standing to commence this action pursuant to Business Corporation Law § 720 was not properly raised and, in any event, is without merit (*see Abrams v Donati,* 66 NY2d 951, 953 [1985]; *Kaplan v Queens Optometric Assoc.,* 293 AD2d 449, 450 [2002]; *Brown v Brown,* 143 AD2d 248, 249 [1988]).

The plaintiff established a sufficient basis for the appointment of a temporary receiver pursuant to CPLR 6401 (a) (*see Hoffman v Eagle Box Co.,* 305 AD2d 544 [2003]; *Matter of Kristensen v Charleston Sq.,* 273 AD2d 312 [2000]; *Modern Collection Assoc. v Capital Group,* 140 AD2d 594 [1988]; *Nesis v Paris Intl. Light.,* 184 AD2d 485, 486 [1992]; *Nelson v Nelson,* 99 AD2d 917 [1984]).

The appellants' remaining contentions are without merit (*see State of New York v Chatsworth Realty Corp.,* 284 AD2d 260, 261 [2001]; 3-12 White, New York Business Entities P B1202.01 [Matthew Bender 2005]). Rivera, J.P., Ritter, Goldstein and Angiolillo, JJ., concur.