■ VARDARIS TECH, INC., Respondent, v PALEROS INC., Doing Business as GRAND CAFÉ, Appellant. (And Another Title.) [853 NYS2d 601]—

The Supreme Court improvidently exercised its discretion in

granting the plaintiff's motion pursuant to CPLR 6401 for the appointment of a temporary receiver of the business and assets of the defendant corporation. "The appointment of a temporary receiver is an extreme remedy resulting in the taking and withholding of possession of property from a party without an adjudication on the merits" (*Schachner v Sikowitz*, 94 AD2d 709, 709 [1983]). Therefore, a motion seeking such appointment "should be granted only where the moving party has made a clear evidentiary showing of the necessity for the conservation of the property at issue and the need to protect the moving party's interests" (*Lee v 183 Port Richmond Ave. Realty*, 303 AD2d 379, 380 [2003]; *see Secured Capital Corp. of N.Y. v Dansker*, 263 AD2d 503, 504 [1999]; *DaSilva v DaSilva*, 225 AD2d 513 [1996]).

Here, the unsupported allegations and accusations set forth by the plaintiff fell far short of the required "clear evidentiary showing that property of the corporation was in danger of being 'removed from the state, or lost, materially injured or destroyed' " (*Lee v 183 Port Richmond Ave. Realty*, 303 AD2d at 380, quoting CPLR 6401 [a]; *see Iannone v Iannone*, 31 AD3d 713, 715 [2006]; *Matter of Kristensen v Charleston Sq.*, 273 AD2d 312 [2000]; *cf. Friedman v Ragin*, 228 AD2d 642 [1996]). Spolzino, J.P., Santucci, Angiolillo and Carni, JJ., concur.