■ VINCENT E. NATOLI et al., Respondents, v LOUIS ELIAS MILAZZO et al., Appellants. [886 NYS2d 205]—

In an action, inter alia, to enjoin the defendants from operating in or entering the plaintiff Cathedral Church of St. Lucy's, the defendants Louis Elias Milazzo and Albert Berube appeal from an order of the Supreme Court, Kings County (Lewis, J.),

dated November 24, 2008, which granted the plaintiffs' motion for the appointment of a temporary receiver for the plaintiff Cathedral Church of St. Lucy's and granted the plaintiffs' cross motion to compel them to respond to the plaintiffs' discovery requests.

Ordered that the order is reversed, on the law, with costs, and the plaintiffs' motion for the appointment of a temporary receiver for the plaintiff Cathedral Church of St. Lucy's and the cross motion to compel the defendants to respond to the plaintiffs' discovery requests are denied.

The Supreme Court granted the plaintiffs' motion for appointment of a temporary receiver for the plaintiff Cathedral Church of St. Lucy's (hereinafter St. Lucy's) on the ground that there are issues of fact as to whether the individual plaintiff Vincent E. Natoli, OFM or the individual defendant Louis Elias Milazzo was the legitimate pastor of St. Lucy's. However, the proper analysis for determining such a motion is whether the movants have submitted clear and convincing evidence of irreparable loss or waste to the subject property and that a temporary receiver is needed to protect their interests (see CPLR 6401 [a]; *Vardaris Tech, Inc. v Paleros Inc.*, 49 AD3d 631, 632 [2008]; *Singh v Brunswick Hosp. Ctr.*, 2 AD3d 433 [2003]; *Matter of Armienti & Brooks*, 309 AD2d 659, 661 [2003]; *Schachner v Sikowitz*, 94 AD2d 709 [1983]).

The record indicates that the plaintiffs failed to satisfy such burden, as they submitted no evidence of irreparable loss or waste to St. Lucy's. Even accepting as true the plaintiffs' allegations that Milazzo committed acts that damaged the assets of another church, such proof is not clear and convincing evidence that St. Lucy's assets—the property at issue in this action—are at risk of irreparable loss or damage (see CPLR 6401 [a]; *Vardaris Tech, Inc. v Paleros, Inc.*, 49 AD3d at 632; *Singh v Brunswick Hosp. Ctr.*, 2 AD3d 433 [2003]).

Moreover, the plaintiffs' submission of documents showing that St. Lucy's was the defendant in a foreclosure action entitled *Daniel Perla Assoc., L.P. v Cathedral Church of St. Lucy's*, commenced in the Supreme Court, Kings County, under index No. 594/06 was also insufficient, since that action was dismissed by the Supreme Court. Moreover, the order dismissing that action establishes that the defendants herein were not involved in the mortgage at issue in that action.

Further, the court should have denied the cross motion because the affirmation of good faith submitted by the plaintiffs' counsel was insufficient, as it did not refer to any communications between the parties that would evince a diligent effort by

the plaintiffs to resolve the discovery dispute (*see* 22 NYCRR 202.7 [c]; *Amherst Synagogue v Schuele Paint Co., Inc.*, 30 AD3d 1055, 1056-1057 [2006]; *Cestaro v Chin*, 20 AD3d 500, 501 [2005]; *see also Baez v Sugrue*, 300 AD2d 519, 521 [2002]).

The defendants' remaining contention is without merit. Dillon, J.P., Eng, Belen and Hall, JJ., concur.