CHARLES E. QUICK, Appellant, v EDWARD QUICK, JR., et al., Respondents. (Action No. 1.) EDWARD QUICK, JR., Respondents, et al., Plaintiffs, v CHARLES QUICK, Appellant, et al., Defendants. (Action No. 2.) [893 NYS2d 583]—

The Supreme Court improvidently exercised its discretion in, sua sponte, appointing, pursuant to CPLR 6401, a temporary receiver for the subject partnership. A temporary receiver may be appointed "[u]pon motion of a person having an apparent interest in property which is the subject of [the] action" (CPLR 6401 [a]). Here, none of the parties moved for the appointment of a temporary receiver (*see Sycamore Realty Corp. v Matone,* 40 AD3d 843, 843-844 [2007]). Moreover, "[t]he appointment of a temporary receiver is an extreme remedy resulting in the taking and withholding of possession of property from a party without an adjudication on the merits" (*Vardaris Tech, Inc. v Paleros Inc.,* 49 AD3d 631, 632 [2008] [internal quotation marks omitted]; *see Schachner v Sikowitz,* 94 AD2d 709 [1983]). Accordingly, a temporary receiver should only be appointed where there is a clear evidentiary showing of the necessity for the conservation of the property at issue and the need to protect a party's interests in that property (*see Vardaris Tech, Inc. v Paleros Inc.,* 49 AD3d at 632; *Singh v Brunswick Hosp. Ctr.,* 2 AD3d 433, 434-435 [2003]; *Matter of Armienti & Brooks,* 309 AD2d 659, 661 [2003]; *Lee v 183 Port Richmond Ave. Realty,* 303 AD2d 379, 380 [2003]; *Modern Collection Assoc. v Capital Group,* 140 AD2d 594 [1988]; *Schachner v Sikowitz,* 94 AD2d at 709). Here, the record did not clearly establish the necessity to conserve the partnership's assets, or the need to protect any of the partners' interests in that property (*see Mandel v Grunfeld,* 111 AD2d 668 [1985]).

In light of our determination, the order dated May 12, 2009, which granted the motion of Edward Quick, Jr., and John Quick to delineate the powers of the temporary receiver, must be reversed, the motion must be denied in its entirety as academic, and the decision must be vacated. Covello, J.P., Angiolillo, Lott and Roman, JJ., concur.