■ BRESLIN REALTY DEVELOPMENT CORP. et al., Appellants, v J. STANLEY SHAW et al., Defendants. LOUIS A. RUSSO, as Executor of RONALD PECUNIES, Deceased, Proposed Intervenor-Respondent. [936 NYS2d 698]—

We agree with the plaintiffs' contention that the motion of Ronald Pecunies for leave to intervene in this action as a party plaintiff should have been denied in its entirety. By the time Pecunies filed the motion, the litigating parties had already entered into a stipulation of settlement and this action was discontinued. Further, Pecunies was aware of this action from its inception, yet chose not to participate. Under these circumstances, there was no pending action in which to intervene, and the motion should have been denied in its entirety by the

Supreme Court (*see* CPLR 1012, 1013; *Carnrike v Youngs*, 70 AD3d 1146 [2010]; *Rectory Realty Assoc. v Town of Southampton*, 151 AD2d 737 [1989]; *176 E. 123rd St. Corp v Frangen*, 67 Misc 2d 281 [1971]).

In any event, the relief granted by the Supreme Court, in the nature of establishing a temporary receivership, was improper because the settlement proceeds at issue here were not the subject of any action, and there was no clear evidentiary showing that the subject property was in imminent danger of irreparable loss or waste (*see* CPLR 6401 [a]; *Vardaris Tech, Inc. v Paleros Inc.*, 49 AD3d 631, 632 [2008]; *Singh v Brunswick Hosp. Ctr.*, 2 AD3d 433 [2003]; *Matter of Armienti & Brooks*, 309 AD2d 659, 661 [2003]; *Schachner v Sikowitz*, 94 AD2d 709 [1983]).

In light of our determination, we need not address the plaintiffs' remaining contentions. Mastro, A.P.J., Balkin, Chambers and Roman, JJ., concur.