In an action, inter alia, for specific performance and to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Suffolk County (Pitts, J.), dated October 4, 2011, which granted that branch of the plaintiffs motion which was pursuant to CPLR 6401 for the appointment of a temporary receiver to, among other things, operate and maintain certain recreational facilities.
Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and that branch of the plaintiffs motion which was pursuant to CPLR 6401 for the appointment of a temporary receiver to, among other things, operate and maintain certain recreational facilities is denied.
A party moving for the appointment of a temporary receiver must submit “clear and convincing evidence of irreparable loss or waste to the subject property and that a temporary receiver is needed to protect their interests” (Natoli v Milazzo, 65 AD3d 1309, 1310 [2009]; see CPLR 6401 [a]; Vardaris Tech, Inc. v Paleros Inc., 49 AD3d 631 [2008]; Singh v Brunswick Hosp. Ctr., 2 AD3d 433 [2003]; Matter of Armienti & Brooks, 309 AD2d 659 [2003]; Schachner v Sikowitz, 94 AD2d 709 [1983]). Here, the plaintiff failed to offer any nonspeculative allegations or evidence indicating that the defendants were committing waste or that there was a danger that the subject recreational facilities would be dissipated or lost absent the appointment of a temporary receiver. Accordingly, the Supreme Court improvidently exercised its discretion in granting that branch of the plaintiffs motion which was pursuant to CPLR 6401 for the appointment of a temporary receiver to, among other things, operate and maintain the recreational facilities. Eng, EJ., Dillon, Lott and Cohen, JJ., concur.