■ Ronald Suissa, Respondent, v Marcy R. Baron, Appellant. [968 NYS2d 508]—

In an action for the partition of certain real property, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Mayer, J.), dated May 10, 2010, as granted the plaintiff's motion, inter alia, pursuant to CPLR 6401 to appoint a temporary receiver to, among other things, maintain the real property and ensure that all items contained within the property remain therein, and authorized the receiver to collect the reasonable value of use and occupancy of the property from any and all occupants of said property.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in granting the plaintiff's motion pursuant to CPLR 6401 to appoint a temporary receiver of the certain real property in Northport and all of its contents. " 'The appointment of a temporary receiver is an extreme remedy resulting in the taking and withholding of possession of property from a party without an adjudication on the merits' " (*Vardaris Tech, Inc. v Paleros Inc.*, 49 AD3d 631, 632 [2008], quoting *Schachner v Sikowitz*, 94 AD2d 709, 709 [1983]), and " 'should be granted only where the moving party has made a clear evidentiary showing of the necessity for the conservation of the property at issue and the need to protect the moving party's interests' " (*Vardaris Tech, Inc. v Paleros Inc.*, 49 AD3d at 632, quoting *Lee v 183 Port Richmond Ave. Realty*, 303 AD2d 379, 380 [2003]).

Here, the plaintiff made a clear evidentiary showing that the subject personal property was in danger of being removed from New York, or materially injured or destroyed, and that the appointment of a receiver was necessary to conserve the personal and real property and protect the parties' interests, given the state of affairs between them (*see* CPLR 6401 [a]; *St. Julien v LaGuerre*, 39 AD3d 532, 533 [2007]; *Singh v Brunswick Hosp. Ctr.*, 2 AD3d 433, 434, 435 [2003]; *Rose v Rose*, 305 AD2d 578, 579 [2003]; *Gimbel v Reibman*, 78 AD2d 897 [1980]).

The defendant's remaining contentions are either raised improperly for the first time on appeal or without merit. Rivera, J.P., Leventhal, Austin and Miller, JJ., concur.

Motion by the appellant on an appeal from an order of the Supreme Court, Suffolk County, dated May 10, 2010, inter alia, (1) to strike the respondent's brief on the ground that it refers to matter dehors the record, and (2), in effect, to withdraw point V of her brief on that same appeal. By decision and order on motion of this Court dated December 12, 2012, those branches of the motion were held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the branch of the motion which is to strike the respondent's brief on the ground that it refers to matter dehors the record is granted to the extent that point II of the respondent's brief is stricken and has not been considered in the determination of the appeal, and that branch of the motion is otherwise denied; and it is further,

Ordered that the branch of the motion which is, in effect, to withdraw point V of the appellant's brief on the same appeal is granted, and point V of the appellant's brief is deemed withdrawn and has not been considered in the determination of the appeal. Rivera, J.P., Leventhal, Austin and Miller, JJ., concur.