■ PATRICK MAGEE et al., Respondents, v JOHN MAGEE, Appellant, et al., Defendants. [990 NYS2d 894]—

In an action, inter alia, in effect, for a judgment declaring that a partnership between the plaintiff Patrick Magee and the defendant John Magee has been dissolved, the defendant John Magee appeals from an order of the Supreme Court, Rockland County (Berliner, J.), dated March 21, 2013, which granted the plaintiffs' motion for summary judgment, in effect, declaring that the partnership has been dissolved and pursuant to CPLR 6401 for the appointment of a temporary receiver to wind up the partnership's affairs and liquidate and distribute its assets.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting that branch of the plaintiffs' motion which was pursuant to CPLR 6401 for the appointment of a temporary receiver to wind up the partnership's affairs and liquidate and distribute its assets, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs to the appellant, and the matter is remitted to the Supreme Court, Rockland County, for the entry of a judgment, inter alia, declaring that the partnership between the plaintiff Patrick Magee and the defendant John Magee has been dissolved.

The Supreme Court improvidently exercised its discretion in granting that branch of the plaintiffs' motion which was pursuant to CPLR 6401 for the appointment of a temporary receiver to wind up the affairs of a partnership between the plaintiff Patrick Magee and the defendant John Magee known as Bradley Industrial Park (hereinafter Bradley) and to liquidate and distribute its assets. "A party moving for the appointment of a temporary receiver must submit 'clear and convincing evidence of irreparable loss or waste to the subject property and that a temporary receiver is needed to protect their interests' " (*Board of Mgrs. of Nob Hill Condominium Section II v Board of Mgrs. of Nob Hill Condominium Section I*, 100 AD3d 673 [2012], quoting *Natoli v Milazzo*, 65 AD3d 1309, 1310 [2009]; *see* CPLR 6401 [a]; *Vardaris Tech, Inc. v Paleros Inc.*, 49 AD3d 631 [2008]; *Lee v 183 Port Richmond Ave. Realty*, 303 AD2d 379, 380 [2003]). Here, the plaintiffs failed to make a "clear evidentiary showing that property of the [partnership] was in danger of being 'removed from the state, or lost, materially injured or destroyed' " (*Lee v 183 Port Richmond Ave. Realty*, 303 AD2d at 380, quoting CPLR 6401 [a]). Accordingly, that branch of the plaintiffs' motion which was for the appointment of a temporary receiver should have been denied.

The appellant's additional contention that the dissolution of Bradley would be inappropriate is academic since the partnership was previously dissolved by operation of law (*see* Partnership Law §§ 60, 62 [1] [b]; *Mashihi v 166-25 Hillside Partners*, 51 AD3d 738 [2008]).

Since this is, in part, an action for a declaratory judgment, we remit the matter to the Supreme Court, Rockland County, for the entry of a judgment, inter alia, declaring that Bradley has been dissolved (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Skelos, J.P., Dickerson, Cohen and Duffy, JJ., concur.