Meagher v Doscher (2018 NY Slip Op 00420)





Meagher v Doscher


2018 NY Slip Op 00420


Decided on January 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
L. PRISCILLA HALL
SANDRA L. SGROI
COLLEEN D. DUFFY, JJ.


2015-03195
2015-08804
2015-09769
2015-09771
 (Index Nos. 60807/14, 68379/14)

[*1]Michael Meagher, et al., respondents, 
v
Drew Doscher, appellant, et al., nominal defendant. (Action No. 1)
Michael J. Meyer, etc., plaintiff-respondent, Michael Meagher, et al., nominal plaintiffs- respondents, v148 South Emerson Associates, LLC, defendant, Drew Doscher, appellant; Charles C. Russo, nonparty-respondent. (Action No. 2)


Kasowitz Benson Torres LLP, New York, NY (Michael J. Bowe of counsel), for appellant.
Arnold & Porter Kaye Scholer LLP, New York, NY (James M. Catterson, Margaret A. Rogers, and Stephanna F. Szotkowski of counsel), for respondents in Action No. 1 and plaintiff-respondent and nominal plaintiffs-respondents in Action No. 2.
Nixon Peabody LLP, Jericho, NY (Seth L. Berman of counsel), for nonparty-respondent in Action No. 2 (adopting the brief filed by the respondents in Action No. 1 and the plaintiff-respondent and the nominal plaintiffs-respondents in Action No. 2).



DECISION & ORDER
Appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Jerry Garguilo, J.), dated February 19, 2015, an amended order of that court dated September 16, 2015, and two orders of that court, both dated October 1, 2015. The order and judgment, in effect, granted the motion of the plaintiffs in Action No. 1 for summary judgment on the complaint and, in effect, declared that the plaintiffs Michael Meagher and Stephen Smith each hold a 25% ownership interest in 148 South Emerson Partners, LLC, and granted the motion of the plaintiff and the nominal plaintiffs in Action No. 2 to appoint a temporary receiver for 148 South Emerson Associates, LLC. The amended order dated September 16, 2015, insofar as appealed from, denied the motion of Drew Doscher, the defendant in Action No. 1, to vacate so much of the order and judgment as pertained to Action No. 1 and for leave to renew and reargue his opposition to the motion for summary judgment on the complaint in that action. The orders dated October 1, 2015, granted the motions of nonparty Charles C. Russo, the court-appointed temporary receiver in Action No. 2, for interim compensation, and denied the cross motions of Drew Doscher, a defendant in Action No. 2, inter alia, to direct the plaintiffs and the nominal plaintiffs in Action No. 2 to pay the interim compensation sought by the court-appointed temporary receiver.
ORDERED that the order and judgment is modified, on the law, by deleting the provisions thereof, in effect, granting the motion of the plaintiffs in Action No. 1 for summary judgment on the complaint and, in effect, declaring that the plaintiffs Michael Meagher and Stephen Smith each hold a 25% ownership interest in 148 South Emerson Partners, LLC, and substituting therefor a provision denying that motion; as so modified, the order and judgment is affirmed, without costs or disbursements; and it is further,
ORDERED that the appeal from so much of the amended order dated September 16, 2015, as denied that branch of the motion of Drew Doscher, a defendant in Action No. 1, which was for leave to reargue is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the appeal from so much of the amended order dated September 16, 2015, as denied those branches of the motion of Drew Doscher, a defendant in Action No. 1, which were to vacate so much of the order and judgment as pertained to Action No. 1 and for leave to renew his opposition to the motion for summary judgment on the complaint in that action is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order and judgment; and it is further,
ORDERED that the orders dated October 1, 2015, are affirmed, without costs or disbursements.
Four managing members—Michael Meagher, Michael Meyer, and Stephen Smith (hereinafter collectively the plaintiffs), and Drew Doscher—formed two limited liability companies, 148 South Emerson Partners, LLC (hereinafter Emerson Partners), and 148 South Emerson Associates, LLC (hereinafter Emerson Associates). Emerson Partners was formed to "own, lease and manage" real property located at 148 South Emerson Avenue in Montauk (hereinafter the property). Emerson Associates was formed to "own and manage a restaurant business" on the property known as "The Sloppy Tuna." Originally, the managing members each held a 25% ownership interest in each company.
In July 2012, the managing members executed an agreement entitled "Assignment of Units," pursuant to which Meagher and Smith assigned their respective ownership interests in Emerson Associates to Meyer and Doscher. On December 10, 2012, Meagher and Smith were each paid the sum of $230,000 by a check drawn on the account of Emerson Associates. The "memo" on both checks stated, "Return on Capital #1." Thereafter, a dispute arose as to whether Meagher and Smith had transferred their ownership interests in both Emerson Associates and Emerson Partners to Meyer and Doscher.
In February 2014, the plaintiffs commenced Action No. 1 against, inter alia, Doscher, seeking a declaration that each of the managing members holds a 25% ownership interest in Emerson Partners. The plaintiffs subsequently moved for summary judgment on the complaint.
In October 2014, Meyer, individually and derivatively on behalf of Emerson Associates, along with Meagher and Smith as nominal plaintiffs, commenced Action No. 2 against Emerson Associates and Doscher, seeking, inter alia, an accounting of Emerson Associates. The plaintiffs subsequently moved, in that action, to appoint a temporary receiver for Emerson Associates.
In an order and judgment dated February 19, 2015, the Supreme Court, in effect, granted the plaintiffs' motion in Action No. 1 for summary judgment on the complaint and, in effect, declared that Meagher and Smith each hold a 25% ownership interest in Emerson Partners. In addition, the court granted the plaintiffs' motion in Action No. 2 to appoint a temporary receiver for Emerson Associates. Doscher appeals from the order and judgment.
Thereafter, the court-appointed temporary receiver filed two separate motions for interim compensation. Doscher filed two separate cross motions, inter alia, to direct the plaintiffs to pay the interim compensation sought by the court-appointed temporary receiver. In two orders, both dated October 1, 2015, the Supreme Court granted the separate motions of the court-appointed [*2]temporary receiver and denied Doscher's separate cross motions. Doscher appeals from those orders.
With respect to the summary judgment motion in Action No. 1, the plaintiffs established, prima facie, that pursuant to the Assignment of Units, Meagher and Smith only transferred their ownership interests in Emerson Associates, and that no writing existed pursuant to which Meagher and Smith transferred their ownership interests in Emerson Partners.
In opposition, however, Doscher raised triable issues of fact as to whether Meagher and Smith orally agreed to transfer their ownership interests in Emerson Partners and whether, contrary to the plaintiffs' contentions, such an agreement was not invalid under the statute of frauds because, as Doscher asserts, the payments of $230,000 to Meagher and Smith in December 2012 constituted partial performance unequivocally referable to the oral agreement (see Pinkava v Yurkiw, 64 AD3d 690, 692-693; Luft v Luft, 52 AD3d 479, 481). In that respect, the Assignment of Units merely specified that Meagher and Smith were transferring their respective ownership interests in Emerson Associates to Doscher and Meyer in exchange for "two dollars." Although the plaintiffs claim that Meagher and Smith were to receive, in exchange for that assignment, their capital contributions to Emerson Associates and share of the profits of that entity as of the date of the assignment, there is conflicting evidence in the record as to the amount of Meagher's and Smith's capital contributions to Emerson Associates, and no evidence as to its profits as of the date of the assignment. Thus, there are questions of fact as to whether the payment of $230,000 was unequivocally referable to the alleged oral agreement. Contrary to the plaintiffs' further contention, there was no evidence demonstrating that the alleged oral agreement had " absolutely no possibility in fact and law'" of being performed within a year (JNG Constr., Ltd. v Roussopoulos, 135 AD3d 709, 710, quoting D & N Boening v Kirsch Beverages, 63 NY2d 449, 454; see Micena v Katz, 68 AD3d 826, 827).
Accordingly, the Supreme Court erred by, in effect, granting the plaintiffs' motion in Action No. 1 for summary judgment on the complaint and, in effect, declaring that Meagher and Smith each hold a 25% ownership interest in Emerson Partners.
Nevertheless, the Supreme Court properly granted the plaintiffs' motion in Action No. 2 to appoint a temporary receiver for Emerson Associates. " The appointment of a temporary receiver is an extreme remedy resulting in the taking and withholding of possession of property from a party without an adjudication on the merits'" (Vardaris Tech, Inc. v Paleros Inc., 49 AD3d 631, 632, quoting Schachner v Sikowitz, 94 AD2d 709, 709), and " should be granted only where the moving party has made a clear evidentiary showing of the necessity for the conservation of the property at issue and the need to protect the moving party's interests'" (Vardaris Tech, Inc. v Paleros Inc., 49 AD3d at 632, quoting Lee v 183 Port Richmond Ave. Realty, 303 AD2d 379, 380; see CPLR 6401[a]). Here, the plaintiffs made a clear evidentiary showing that the appointment of a receiver was necessary to protect the parties' interests, given the state of affairs between them, and that Doscher's unilateral actions presented a danger of material injury to Emerson Associates' property (see Suissa v Baron, 107 AD3d 689, 690; St. Julien v LaGuerre, 39 AD3d 532, 533; Singh v Brunswick Hosp. Ctr., 2 AD3d 433, 434-435). Most significantly, the plaintiffs submitted evidence: that there was litigation between Emerson Associates and a corporation owned by Doscher concerning which entity owned certain trademarks, including the name "The Sloppy Tuna"; that Doscher executed a license agreement on behalf of Emerson Associates, pursuant to which Emerson Associates was obligated to pay licensing fees to Doscher's corporation to use the trademarks in connection with the operation of The Sloppy Tuna; and that Doscher was using Emerson Associates' funds to pay his legal bills in Action No. 1 and Action No. 2. Accordingly, under these circumstances, the court properly granted the plaintiffs' motion to appoint a temporary receiver.
The Supreme Court properly denied those branches of Doscher's cross motions in Action No. 2 which were to direct the plaintiffs to pay the interim compensation sought by the court-appointed temporary receiver, as Doscher did not offer any valid basis on which to direct such payment (see generally CPLR 8004; Amusement Distribs., Inc. v Oz Forum, 113 AD2d 855, 855-856).
The parties' remaining contentions either are without merit or need not be reached [*3]in light of our determination.
MASTRO, J.P., HALL, SGROI and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court