Manning-Kranes v Manning-Franzman (2019 NY Slip Op 06599)





Manning-Kranes v Manning-Franzman


2019 NY Slip Op 06599


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-09108
 (Index No. 8225/15)

[*1]Claire Manning-Kranes, et al., respondents,
v
Marita Manning-Franzman, et al., appellants, et al., defendant.


Wickham, Bressler & Geasa, P.C., Mattituck, NY (Eric J. Bressler of counsel), for appellants.
Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, Uniondale, NY (Jeffrey A. Miller of counsel), for respondents.



DECISION & ORDER
In an action for the partition and sale of real property, the defendants Marita Manning-Franzman, Christopher Manning, and Philip Manning appeal from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated August 28, 2017. The order granted the plaintiffs' motion to appoint a temporary receiver of the subject property.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, and the plaintiffs' motion to appoint a temporary receiver of the subject property is denied.
The plaintiffs commenced this action for the partition and sale of certain real property which they allegedly owned as tenants in common with the defendants. The plaintiffs subsequently moved for the appointment of a temporary receiver of the property. By order dated August 28, 2017, the Supreme Court granted the plaintiffs' motion. The defendants Marita Manning-Franzman, Christopher Manning, and Philip Manning appeal.
CPLR 6401(a) permits the court, upon a motion by a person with an "apparent interest" in property, to appoint a temporary receiver of that property where "there is danger" that it will be "materially injured or destroyed." However, the appointment of a temporary receiver "is an extreme remedy resulting in the taking and withholding of possession of property from a party without an adjudication on the merits" (Schachner v Sikowitz, 94 AD2d 709, 709; see Vardaris Tech, Inc. v Paleros Inc., 49 AD3d 631, 632). "Therefore, a motion seeking such appointment should be granted only where the moving party has made a clear evidentiary showing of the necessity for the conservation of the property at issue and the need to protect the moving party's interests'" (Vardaris Tech, Inc. v Paleros Inc., 49 AD3d at 632, quoting Lee v 183 Port Richmond Ave. Realty, 303 AD2d 379, 380; see Quick v Quick, 69 AD3d 828, 829).
Here, the plaintiffs failed to make such a clear evidentiary showing (see Magee v [*2]Magee, 120 AD3d 637, 638; Quick v Quick, 69 AD3d at 829). In particular, the plaintiffs' speculative and conclusory assertions about certain expenditures the defendants made of rental income derived from the property were insufficient to demonstrate that the defendants were using that income for their own personal benefit (see Board of Mgrs. of Nob Hill Condominium Section II v Board of Mgrs. of Nob Hill Condominium Section I, 100 AD3d 673; Vardaris Tech, Inc. v Paleros Inc., 49 AD3d at 632; cf. Rose v Rose, 305 AD2d 578, 578-579; Butler v Gibbons, 225 AD2d 335, 335). Moreover, with the exception of expenditures made for renovations, the remaining challenged expenditures were not so significant as to present an "imminent danger of irreparable loss or waste" with respect to the subject property (Breslin Realty Dev. Corp. v Shaw, 91 AD3d 804, 805; see CPLR 6401[a]). Indeed, in that regard, the value of the real estate provided sufficient security to the plaintiffs to enable them to protect their interests (see Matter of Kristensen v Charleston Sq., 273 AD2d 312). As to expenditures for renovations, the plaintiffs did not demonstrate that any of the work done on the property was unnecessary or wasteful. Accordingly, the Supreme Court improvidently exercised its discretion in granting the motion to appoint a temporary receiver of the property (see Board of Mgrs. of Nob Hill Condominium Section II v Board of Mgrs. of Nob Hill Condominium Section I, 100 AD3d at 673; Vardaris Tech, Inc. v Paleros Inc., 49 AD3d at 632).
In light of our determination, we need not reach the parties' remaining contentions.
BALKIN, J.P., HINDS-RADIX, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court