Cyngiel v Krigsman (2021 NY Slip Op 01390)





Cyngiel v Krigsman


2021 NY Slip Op 01390


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-12924 
2017-12926
2017-12927
2018-06402
 (Index No. 523029/16)

[*1]Mordechai Cyngiel, etc., respondent,
v
Rima Krigsman, etc., et al., appellants.


David A. Robinson, New York, NY (Rimma Shpak of counsel), for appellants.
Wenig Saltiel LLP, Brooklyn, NY (Meryl L. Wenig and Leslie Perez-Bennie of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for the partition and sale of real property, the defendants appeal from (1) an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated October 2, 2017, (2) an order of the same court also dated October 2, 2017, (3) an amended order of the same court dated October 10, 2017, and (4) an order of the same court dated March 7, 2018. The first order dated October 2, 2017, granted the plaintiff's motion to appoint a temporary receiver. The second order dated October 2, 2017, and the amended order dated October 10, 2017, appointed a temporary receiver. The order dated March 7, 2018, insofar as appealed from, upon reargument, adhered to the original determination in the first order dated October 2, 2017.
ORDERED that the appeal from the second order dated October 2, 2017, is dismissed, as that order was superseded by the amended order dated October 10, 2017; and it is further,
ORDERED that the first order dated October 2, 2017, is reversed, on the law and in the exercise of discretion, the plaintiff's motion to appoint a temporary receiver is denied, and the amended order dated October 10, 2017, and the order dated March 7, 2018, are vacated; and it is further,
ORDERED that the appeals from the amended order dated October 10, 2017, and the order dated March 7, 2018, are dismissed as academic in light of our determination on the appeal from the first order dated October 2, 2017; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
In December 2016, the plaintiff commenced this action, inter alia, for the partition and sale of a residential building and a cooperative apartment (hereinafter together the subject properties), both located in Brooklyn, which he allegedly owns as a tenant in common with the defendants. The plaintiff subsequently moved to appoint a temporary receiver of the properties. In [*2]separate orders dated October 2, 2017, the Supreme Court granted the plaintiff's motion and appointed a temporary receiver. The order appointing a temporary receiver incorrectly identified the subject properties, and, as a result, the court issued an amended order dated October 10, 2017, appointing a temporary receiver. Thereafter, the defendants moved for leave to reargue their opposition to the plaintiff's motion. In an order dated March 7, 2018, the court granted the defendants' motion for leave to reargue and, upon reargument, adhered to its original determination. The defendants appeal.
As a threshold matter and contrary to the defendants' contention, the plaintiff complied with the service requirements set forth in the order to show cause by timely effectuating service pursuant to CPLR 308(2), and the Supreme Court had jurisdiction to entertain the motion (see Gonzalez v Haniff, 144 AD3d 1087). The fact that pursuant to CPLR 308(2) service became complete 10 days after the filing of proof of service did not deprive the court of jurisdiction to entertain the motion (see Helfand v Cohen, 110 AD2d 751, 751-752; cf. Pipinias v J. Sackaris & Sons, Inc., 116 AD3d 749, 752-753).
Regarding the merits of the plaintiff's motion, CPLR 6401(a) permits the court, upon a motion by a person with an "apparent interest" in property, to appoint a temporary receiver of that property where "there is danger" that it will be "materially injured or destroyed." However, the appointment of a temporary receiver "is an extreme remedy resulting in the taking and withholding of possession of property from a party without an adjudication on the merits" (Schachner v Sikowitz, 94 AD2d 709, 709; see Manning-Kranes v Manning-Franzman, 175 AD3d 1403). Therefore, a motion seeking such an appointment should be granted only where the moving party has made a "clear and convincing" evidentiary showing of "irreparable loss or waste to the subject property and that a temporary receiver is needed to protect their interests" (Magee v Magee, 120 AD3d 637, 638 [internal quotation marks omitted]).
Here, the plaintiff failed to make the requisite showing. In particular, the plaintiff's speculative and conclusory allegations that the defendants failed to repair and maintain the subject properties and commingled income derived from the subject properties with their personal income were insufficient to demonstrate that there was a danger of irreparable loss or material injury to the subject properties warranting the appointment of a temporary receiver (see Manning-Kranes v Manning-Franzman, 175 AD3d 1403). Similarly, without more, the defendants' failure to maintain adequate records does not demonstrate that the plaintiff's interest in the subject properties is in imminent danger of irreparable loss or waste (see Quick v Quick, 69 AD3d 828). Accordingly, the Supreme Court improvidently exercised its discretion in granting the plaintiff's motion to appoint a temporary receiver.
In light of our determination, we need not reach the defendants' remaining contention.
DILLON, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court