Mushtaq v Cheema (2024 NY Slip Op 05350)

Mushtaq v Cheema

2024 NY Slip Op 05350

Decided on October 30, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 30, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
LILLIAN WAN, JJ.

2023-07076
 (Index No. 617050/18)

[*1]Amtul Aleem Mushtaq, etc., et al., respondents,
v
Muhammad Ajmal Cheema, et al., appellants, et al., defendants.

Smith, Buss & Jacobs, LLP, Yonkers, NY (Fasih Din of counsel), for appellants.

DECISION & ORDER
In an action, inter alia, to recover damages for fraudulent inducement, the defendants appeal from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered July 20, 2023. The order, insofar as appealed from, sua sponte, appointed a temporary receiver pursuant to CPLR 6401.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order entered July 20, 2023, as, sua sponte, appointed a temporary receiver pursuant to CPLR 6401 is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see id. § 5701[c]); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and so much of the order as, sua sponte, appointed a temporary receiver pursuant to CPLR 6401 is vacated.
The plaintiffs commenced this action, inter alia, to recover damages for fraudulent inducement. The plaintiffs moved, among other things, to restrain the defendant Muhammad Ajmal Cheema from accessing the bank accounts of the defendants First Manufacturing Corp., Inc. (hereinafter First Manufacturing), and FMC Real Estate Holding Corp. (hereinafter FMC) and for summary judgment on the complaint. In an order entered July 20, 2023, the Supreme Court, inter alia, sua sponte, appointed a temporary receiver pursuant to CPLR 6401 to oversee the bank accounts of First Manufacturing and FMC. The defendants appeal.
The Supreme Court erred in, sua sponte, appointing a temporary receiver pursuant to CPLR 6401. A temporary receiver may be appointed "[u]pon motion of a person having an apparent interest in property which is the subject of [the] action" (id. § 6401[a]). Here, since none of the parties moved for the appointment of a temporary receiver, the court should not have, sua sponte, appointed a temporary receiver (see Tirado v Miller, 75 AD3d 153, 159; Quick v Quick, 69 AD3d 828, 829).

2023-07076 DECISION & ORDER ON MOTION
Amtul Aleem Mushtaq, etc., et al., respondents, v
Muhammad Ajmal Cheema, et al., appellants,
et al., defendants.
(Index No. 617050/18)

Appeal from an order of the Supreme Court, Nassau County, entered July 20, 2023. By order to show cause dated October 20, 2023, the parties were directed to show cause before this Court why an order should or should not be made and entered dismissing the appeal from so much of the order as, sua sponte, appointed a temporary receiver. By decision and order on motion of this Court dated December 11, 2023, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the order to show cause and the papers filed in response thereto, and upon the submission of the appeal, it is
ORDERED that the motion to dismiss the appeal is denied.
IANNACCI, J.P., MALTESE, CHRISTOPHER and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court