| |
|---|
| **Pesochinsky v Gurariy** |
| 2024 NY Slip Op 34371(U) |
| December 16, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 517721/2024 |
| Judge: Leon Ruchelsman |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: COMMERCIAL 8
---------------------------------------------x
YAKOV PESOCHINSKY, individually and derivatively
On behalf of BRIGHTON 6th STREET OWNERS CORP.
And YAKOV PESOCHINSKY individually and derivatley
On behalf of HOMECREST GARDENS INC.,

                                    Plaintiff,   Decision and order

                    -against-
                                         Index No. 517721/2024
SERGE GURARIY,
                                    Defendant,
---------------------------------------------x      December 16, 2024
PRESENT: HON. LEON RUCHELSMAN                       Motion Seq. #1

The plaintiff has moved seeking the appointment of a receiver

and for summary judgement on various causes of action. The

defendant opposes the motion. Papers were submitted by the

parties and arguments held. After reviewing all the arguments

this court now makes the following determination.

According to the verified complaint, on February 24, 1997

the plaintiff Yakov Pesochinksy, the defendant Serge Gurariy and

non-party Yefim Orenbakh entered into shareholder agreements

regarding two entities, the plaintiff's Brighton 6th Street

Owners Corp., and Homecrest Gardens Inc. Both entities were

formed to purchase co-op units with which to generate income.

Ofenbakh passed away in 2019 and his shares have not been

transferred to any individual or entity. The defendant has been

the manager of both entities since 2019.

The verified complaint alleges that the defendant has failed

to adequately manage both entities and has engaged in self-

dealing concerning both entities. Further, the verified

complaint alleges the defendant has failed to distribute the proper amount of profits due the plaintiff regarding both entities and has improperly paid distributions to Ofenbakh's widow even though she is not a shareholder.

The verified complaint alleges causes of action for breach of contract, conversion, breach of fiduciary duties, unjust enrichment and an accounting.

The motions seeking the appointment of a receiver as well as summary judgement have now been filed. As noted, the motions are opposed.

Conclusions of Law

It is well settled that "a temporary receiver should only be appointed where there is a clear evidentiary showing of the necessity for the conservation of the property at issue and the need to protect a party's interests in that property" (see, Quick v. Quick, 69 AD3d 828, 893 NYS2d 583 [2d Dept., 2010]). Thus, a temporary receiver is appropriate where the party has presented "clear and convincing evidence of irreparable loss or waste to the subject property and that a temporary receiver is needed to protect their interests" (Magee v. Magee, 120 AD3d 637, 990 NYS2d 894 [2d Dept., 2014]). Moreover, a receiver is charged with the responsibility to "preserve and protect the property for the benefit of all persons interested in the estate" and the receiver's allegiance is only to the court (Bank of Tokyo Trust

2

Company v. Urban Food Malls Ltd., 229 AD2d 14, 650 NYS2d 654 [1st Dept., 1996]).

There is scant evidence a receiver is necessary in this case. The basis for the receiver rests upon two grounds. First, that the defendant is undervaluing the market rents and second that the defendant has failed to give the plaintiff his proper distributions and is improperly giving distributions to Ofenbakh's widow. First, there is little evidence supporting these allegations. Moreover, even if they are true they are not the sort of waste and irreparable loss that demands a receiver. Indeed, these claims can easily be resolved through an accounting, rather than a receiver. Therefore, the motion seeking the appointment of a receiver is denied.

Turning to the motion seeking summary judgement, where the material facts at issue in a case are in dispute summary judgment cannot be granted (Zuckerman v. City of New York, 49 NYS2d 557, 427 NYS2d 595 [1980]). Generally, it is for the jury, the trier of fact to determine the legal cause of any injury, however, where only one conclusion may be drawn from the facts then the question of legal cause may be decided by the trial court as a matter of law (Marino v. Jamison, 189 AD3d 1021, 136 NYS3d 324 [2d Dept., 2021).

At this juncture, without any discovery, summary judgement is not appropriate. There are many issues that are in dispute,

3

including whether the parties waived the lack of any meetings and whether any party has been damaged thereby. These issues cannot be summarily decided. Consequently, the motion seeking summary judgement is denied.

So ordered.

ENTER:

DATED: December 16, 2024
       Brooklyn NY

_____
Hon. Leon Ruchelsman
JSC

4